Mark S. Horoupian (CA Bar No. 175373)
 Mhoroupian@sulmeyerlaw.com
Claire K. Wu (CA Bar No. 295966)
 ckwu@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Official Committee of Unsecured
Creditors of Meade Instruments Corporation

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:19-bk-14714-MW |
| ☒   MEADE INSTRUMENTS CORP., a Delaware corporation, | (Jointly Administered with Case No. 8:19-bk-14711-MW) |
| | Chapter 11 |
| ☐   SUNNY OPTICS, INC., a Delaware corporation, | |
| ☐   All Debtors. | **FIRST AMENDED PLAN OF REORGANIZATION PROPOSED BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |
| Debtors and Debtors-in-Possession. | Confirmation Hearing:  *TELEPHONIC* |
| | Date:      April 14, 2021 |
| | Time:      2:00 P.M. |
| | Place:      Courtroom 6C |
| | 411 West Fourth Street |
| | Santa Ana, CA 92701 |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# TABLE OF CONTENTS

**Page**

ARTICLE I DEFINITIONS ........................................................................................................... 1

ARTICLE II CLASSIFICATION OF CLAIMS AND INTERESTS ........................................... 11

    2.1.    Unclassified Claims. ................................................................................. 12

    2.2.    Classified Claims. .................................................................................... 12

ARTICLE III TREATMENT OF UNCLASSIFIED CLAIMS ..................................................... 12

    3.1.    Administrative Expense Claims. .............................................................. 12

    3.2.    Priority Tax Claims. ................................................................................. 15

    3.3.    Other Priority Claims. .............................................................................. 16

ARTICLE IV TREATMENT OF CLASSIFIED ALLOWED CLAIMS AND  INTERESTS ...... 16

    4.1.    Classes of General Unsecured Claims ...................................................... 17

    4.2.    Classes of Interest Holders. ...................................................................... 20

ARTICLE V MEANS OF IMPLEMENTATIONS AND EFFECTUATION
OF THE  PLAN .......................................................................................................................... 20

    5.1.    Satisfaction of Confirmation Requirements. ............................................ 20

    5.2.    Funding for the Plan. ............................................................................... 20

    5.3.    The Reorganized Debtor. ......................................................................... 20

    5.4.    Employee Matters. ................................................................................... 22

    5.5.    Objections to Claims. ............................................................................... 23

    5.6.    Amendments to Claims; Claims Filed After the Confirmation Hearing. ... 24

    5.7.    Interest Pending Allowance of Claims. .................................................... 24

    5.8.    Distributions to be Made Pursuant to the Plan. ........................................ 24

    5.9.    Unclaimed Property; Void Checks. .......................................................... 25

    5.10.    Disputed Claims and Disputed Claims Reserve. ...................................... 26

    5.11.    Grace Period. ........................................................................................... 26

    5.12.    No Distributions Pending Allowance. ...................................................... 27

    5.13.    Post-Confirmation Professionals and Fees. .............................................. 27

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

5.14.    Retention and Enforcement of Estate Litigation Claims. ........................................28

5.15.    Settlement, Limitation of Liability, Waivers, Releases, and Related Provisions. ........................................................................................................29

5.16.    Setoffs, Recoupment, and Defenses. ..............................................................31

5.17.    Bankruptcy Court Approval Relative to Post-Confirmation Matters. ................32

5.18.    No Liability for Debtor, Its Officers, Directors, Members, or Agents. ...............32

ARTICLE VI EXECUTORY CONTRACTS AND UNEXPIRED LEASES ...........................33

6.1.    Assumption. .....................................................................................................33

6.2.    Rejections. .......................................................................................................37

6.3.    Bar Date for Rejection Claims. .........................................................................37

6.4.    Cure Claims Schedule. ....................................................................................37

ARTICLE VII RETENTION OF JURISDICTION .........................................................38

ARTICLE VIII CONFIRMATION REQUIREMENTS AND PROCEDURES ...........................40

8.1.    Who May Object to Confirmation of the Plan. ..................................................40

8.2.    Who May Vote to Accept/Reject the Plan. .......................................................40

8.3.    What is an Impaired Claim/Interest. .................................................................40

8.4.    Who is Not Entitled to Vote. .............................................................................41

8.5.    Votes Necessary to Confirm the Plan. .............................................................41

8.6.    Votes Necessary for a Class to Accept the Plan. .............................................41

8.7.    Treatment of Non-Accepting Classes. .............................................................41

8.8.    Request for Confirmation Despite Non-Acceptance by Impaired Classes. .............41

8.9.    Creditors and Interest Holders Bound By Terms of Plan. .................................42

ARTICLE IX EFFECT OF CONFIRMATION OF PLAN AND MISCELLANEOUS PROVISIONS ..............................................................................................................42

9.1.    Discharge. ........................................................................................................42

9.2.    Revesting of Property in Reorganized Debtor. .................................................43

9.3.    Modification of Plan. .........................................................................................43

9.4.    Nonconsensual Confirmation. ..........................................................................43

9.5.    Waiver of Conditions to Occurrence of the Effective Date. ..............................43

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

9.6.    Notice of Effective Date..................................................................................44

9.7.    General Corporate Matters. ...........................................................................44

9.8.    Corporate Actions. ........................................................................................44

9.9.    Effectiveness of Securities, Instruments, and Agreements. ........................44

9.10.   Effectuating Documents; Further Transactions.............................................44

9.11.   Approval of Agreements. ..............................................................................45

9.12.   Post-Confirmation Status Report Case.........................................................45

9.13.   Quarterly Fees. .............................................................................................45

9.14.   Post-Confirmation Conversion/Dismissal....................................................45

9.15.   Changes in Rates Subject to Regulatory Commission Approval. ................46

9.16.   Inconsistencies. ............................................................................................46

9.17.   No Admissions. .............................................................................................46

9.18.   Withdrawal or Revocation of Disclosure Statement or Plan........................46

9.19.   Successors and Assigns. ...............................................................................46

9.20.   Governing Law..............................................................................................46

9.21.   Dissolution of Creditors Committee. ...........................................................47

9.22.   Implementation of Plan.................................................................................47

9.23.   Failure of Effective Date. .............................................................................47

9.24.   Notices...........................................................................................................47

9.25.   Severability...................................................................................................47

9.26.   Final Decree. .................................................................................................48

9.27.   Interpretation, Rules of Construction and Computation of Time.................48

9.28.   No Admissions. .............................................................................................49

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# **TABLE OF AUTHORITIES**

**Page**

## **STATUTES**

11 U.S.C. § 101(2) ........................................................................................................ 1

11 U.S.C. § 102 .......................................................................................................... 48

11 U.S.C. § 1103 ........................................................................................................ 10

11 U.S.C. § 1121(a) ...................................................................................................... 1

11 U.S.C. § 1122(b) .................................................................................................... 16

11 U.S.C. § 1123(a)(1) ............................................................................................... 12

11 U.S.C. § 1123(b)(3) ............................................................................................... 28

11 U.S.C. § 1124 .......................................................................................................... 8

11 U.S.C. § 1125 .......................................................................................................... 6

11 U.S.C. § 1126(e) .................................................................................................... 41

11 U.S.C. § 1127 ................................................................................................... 39, 43

11 U.S.C. § 1127(a) .................................................................................................... 43

11 U.S.C. § 1129(a)(12) ............................................................................................. 45

11 U.S.C. § 1129(a)(8) ......................................................................................... 41, 43

11 U.S.C. § 1129(b) ....................................................................................... 41, 42, 43

11 U.S.C. § 1142 ........................................................................................................ 38

11 U.S.C. § 327 .......................................................................................................... 10

11 U.S.C. § 328 .......................................................................................................... 10

11 U.S.C. § 330 ...................................................................................................... 1, 10

11 U.S.C. § 365(b) ........................................................................................................ 5

11 U.S.C. § 501 .......................................................................................................... 42

11 U.S.C. § 502 .......................................................................................................... 43

11 U.S.C. § 502(a) ...................................................................................................... 12

11 U.S.C. § 502(h) ...................................................................................................... 42

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

11 U.S.C. § 506 .................................................................................................................... 11, 42

**11 U.S.C. § 507(a)(1)** ...................................................................................................... 16

11 U.S.C. § 507(a)(4) .................................................................................................. 10, 16, 41

11 U.S.C. § 507(a)(5) .................................................................................................. 10, 16, 41

**11 U.S.C. § 507(a)(6** ...................................................................................................... 16

**11 U.S.C. § 507(a)(7)** ...................................................................................................... 16

11 U.S.C. § 507(a)(8) ...................................................................................................... 10, 15

11 U.S.C. § 521 .................................................................................................................... 10

11 U.S.C. § 541 .................................................................................................................... 7

11 U.S.C. § 544 .................................................................................................................... 2, 7

11 U.S.C. § 545 .................................................................................................................... 7

11 U.S.C. § 546 .................................................................................................................... 2, 7

11 U.S.C. § 547 .................................................................................................................... 3

11 U.S.C. § 548 .................................................................................................................... 3, 7

11 U.S.C. § 549 .................................................................................................................... 3, 7

11 U.S.C. § 550 .................................................................................................................... 3, 7

11 U.S.C. § 551 .................................................................................................................... 3, 7

11 U.S.C. § 553 .................................................................................................................... 3, 7, 11

11 U.S.C. §1112(b) .................................................................................................................... 45

11 U.S.C. §1121(b) .................................................................................................................... 1

11 U.S.C. §1141(d)(1) .................................................................................................................... 42

11 U.S.C. §502(g) .................................................................................................................... 4, 42

11 U.S.C. §502(i) .................................................................................................................... 4, 42

11 U.S.C. §503 .................................................................................................................... 1

11 U.S.C. §507(a)(1) .................................................................................................................... 1

11 U.S.C. §507(a)(2) .................................................................................................................... 1

11 U.S.C. §542 .................................................................................................................... 2, 7

11 U.S.C. 101(41) .................................................................................................................... 9

28 U.S.C. § 1334 ........................................................................................................... 38

28 U.S.C. § 1930 ........................................................................................................... 45

## OTHER AUTHORITIES

The Bankruptcy Reform Act of 1978 ............................................................................... 3

## RULES

Fed. R. Bankr. P. 1007 ................................................................................................... 10

Fed. R. Bankr. P. 1009 ................................................................................................... 10

Fed. R. Bankr. P. 3022 ................................................................................................... 48

Fed. R. Bankr. P. 9006(a) .......................................................................................... 3, 49

Fed.R. Bankr. P. 3017 ..................................................................................................... 6

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

The Official Committee of Unsecured Creditors (the "Committee" or "Plan Proponent") of Meade Instruments Corp., a Delaware corporation, the debtor and debtor in possession herein ("Meade" or the "Debtor"), hereby proposes the following first amended plan of reorganization (the "Plan" or "Plan of Reorganization") pursuant to the provisions of Section 1121(a) and (b) of the Bankruptcy Code.  The Plan was prepared in coordination and consultation with the Debtor and its counsel.  Based on discussions between the Debtor and the Committee, the Committee believes, and anticipates, that the Debtor will have no objections to, and will support, confirmation of the Plan.

**ARTICLE I**

**DEFINITIONS**

Except to the extent provided otherwise, as used in the Plan, the Disclosure Statement, or any exhibits to the Plan or Disclosure Statement, the following capitalized terms shall have the respective meanings specified below.

**1.1.    Administrative Expense Claim (or Administrative Claim).**  Any right to payment constituting a cost or expense of administration of the Bankruptcy Case that is entitled to priority under Sections 507(a)(1) and 507(a)(2) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary costs and expenses of preserving the Estate, (b) any actual and necessary costs and expenses of operating the business of the Debtor during the pendency of the Bankruptcy Case, (c) any expenses or obligations incurred or assumed by the Debtor as a debtor in possession during the pendency of the Bankruptcy Case in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtor as a debtor in possession, (d) any allowances of compensation and reimbursement of expenses to the extent allowed by Final Order under Sections 330 or 503 of the Bankruptcy Code, to the extent incurred prior to the Effective Date, and (e) any fees or charges assessed against the Estate under Section 1930, chapter 123, title 28, United States Code.

**1.2.    Affiliated Entity (or Affiliates).**  An Entity that is an "affiliate" as the term is defined in section 101(2) of the Bankruptcy Code.

**1.3.    Allowed.**  (a) With respect to a Claim, any Claim or portion thereof (i) proof of

1  which has been timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, the

2  Bankruptcy Rules, a Final Order, or other applicable bankruptcy law as to which either (x) no

3  objection to the allowance thereof has been filed within the period of limitation fixed by the Plan,

4  the Bankruptcy Code, the Bankruptcy Rules, or a Final Order, or (y) any objection to its allowance

5  has been settled, withdrawn, waived through payment, or denied by a Final Order; or (ii) as to

6  which no proof of claim has been filed but which has not been listed in the schedules as

7  unliquidated, disputed, or contingent; or (iii) that is expressly allowed pursuant to the terms of this

8  Plan or otherwise allowed by a Final Order; or (b) with respect to any claim arising from the

9  recovery of property so recovered, denied or avoided, as the case may be, if, within thirty (30)

10  calendar days after the judgment for the recovery of money or property, or after the judgment that

11  denied or avoids any such interest, becomes a Final Order, the holder thereof has filed a proof of

12  claim with the Court respecting such claim and has fully satisfied such judgment; or (c) with

13  respect to an Administrative Expense Claim, any Administrative Expense Claim (i) that requires

14  Bankruptcy Court approval as a precondition to payment, such amount as shall be allowed by a

15  Final Order; or (ii) as to which a timely written request for payment has been made in accordance

16  with any bar date on such requests set by the Bankruptcy Court (if such written request is

17  required), and in each case as to which the Debtor, the Reorganized Debtor, the Plan Agent, or any

18  other party in interest (x) has not filed a timely objection or (y) has filed a timely objection and

19  such objection has been settled, withdrawn, waived through payment, or has been denied by a

20  Final Order.  Unless otherwise specified in the Plan, "Allowed Claim" shall not include interest,

21  penalties, or other charges accruing on a claim from and after the Petition Date; provided,

22  however, that an "Allowed Secured Claim" shall, to the extent allowable under Section 506(b) of

23  the Bankruptcy Code through a Final Order and not otherwise precluded under the Plan, include

24  interest and, if provided for by the agreement under which such Claim arose, reasonable fees,

25  costs, or charges provided for under the agreement under which such Claim arose.

26       **1.4.**   **Anniversary Date.**  The date that is 365 days from the Effective Date.

27       **1.5.**   **Avoidance Actions.**  Individually and collectively, all avoidance or recovery

28  actions of the Debtor, the debtor in possession, and the Estate under Sections 542, 544, 545, 546,

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

2

547, 548, 549, 550, 551, and/or 553 of the Bankruptcy Code, or under similar or related state or federal statutes and common law, including, without limitation, fraudulent transfer or conveyance laws and any other avoidance power claims under Chapter 5 of the Bankruptcy Code, whether or not such claims or actions are pending on the Effective Date or are thereafter asserted or commenced by the Debtor, the Reorganized Debtor, or any other party with standing to pursue or prosecute such claims or actions, against any entity, and whether asserted or unasserted as of the Effective Date.

**1.6.    Ballot.**  Each of the ballot form or forms distributed to each holder of an impaired claim (entitled to vote) on which such holder is to indicate acceptance or rejection of the Plan.

**1.7.    Bankruptcy Case.**  The case pending in the Bankruptcy Court under chapter 11 of the Bankruptcy Code in which Meade is the debtor and debtor in possession.

**1.8.    Bankruptcy Code.**  The Bankruptcy Reform Act of 1978, as amended, and as codified in title 11 of the United States Code.

**1.9.    Bankruptcy Court.**  The United States Bankruptcy Court for the Central District of California, Santa Ana Division.

**1.10.    Bankruptcy Rules.**  The Federal Rules of Bankruptcy Procedure, as promulgated by the United States Supreme Court and the Official Bankruptcy Forms, as amended, the Federal Rules of Civil Procedure, as amended, as applicable to the  Bankruptcy Case or proceedings therein, and all local rules adopted by the Bankruptcy Court, as applicable to the Bankruptcy Case or proceedings therein, as the case may be.

**1.11.    Business Day.**  Any day other than a Saturday, Sunday or legal holiday set forth in Rule 9006(a) of the Bankruptcy Rules.

**1.12.    Cash.**  Legal tender of the United States of America.

**1.13.    Causes of Action.**  Any and all actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, covenants, controversies, agreements, promises, variances, trespasses, damages, judgments, third-party claims, counterclaims, cross-claims, avoidance actions, rights to recovery, rights to legal remedies, rights to equitable remedies, rights to payment, and demands whatsoever, whether known or unknown,

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent,

2   matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or

3   assertable directly or indirectly or derivatively, in law, admiralty or equity or otherwise.

4       **1.14.    Claim.**  (a) Any right to payment from the Debtor or against any property of the

5   Estate, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed,

6   contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured,

7   known or unknown; or (b) any right to an equitable remedy for breach of performance if such

8   breach gives rise to a right of payment from the Debtor or against any property of the Estate,

9   whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated,

10  fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, known or

11  unknown; or (c) any claim against the Estate of a kind specified in Sections 502(g), 502(h) or

12  502(i) of the Bankruptcy Code.

13      **1.15.    Claimant.**  The holder of a Claim.

14      **1.16.    Claims Bar Date.**  The April 16, 2020, deadline for filing proofs of Claim in the

15  Bankruptcy Case as set forth in the *Notice of Bar Date for Filing Proofs of Claim in a Chapter 11*

16  *Case [LBR 3003-1]* filed in the Bankruptcy Case on January 31, 2020 [Dkt. No. 108].

17      **1.17.    Class.**  Any class of Claims or Interests classified in the Plan.

18      **1.18.    Collateral.**  Any property or interest in property of the Estate that is subject to a

19  valid and enforceable lien to secure the payment or performance of a Claim, which lien is not

20  subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code

21  or applicable state law.

22      **1.19.    Committee.**  The Official Committee of Unsecured Creditors appointed in the

23  Bankruptcy Case.

24      **1.20.    Confirmation Date.**  The date on which the Confirmation Order is entered on the

25  docket maintained by the clerk of the Bankruptcy Court with respect to the Bankruptcy Case.

26      **1.21.    Confirmation Hearing.**  The hearing on confirmation of the Plan pursuant to

27  section 1128 of the Bankruptcy Code, as the same may be continued from time to time.

28      **1.22.    Confirmation Order.**  The order entered by the Bankruptcy Court confirming the

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

Plan.

**1.23.    Court.**  The Bankruptcy Court.

**1.24.    Creditor.**  Any entity that holds a Claim against the Debtor that arose or is deemed to have arisen on or before the Petition Date.

**1.25.    Cure Claim.**  The claim to be paid to cure any defaults or other outstanding amounts under any unexpired lease or executory contract as required under 11 U.S.C. § 365(b) for the assumption of such unexpired lease or executory contract.

**1.26.    Debtor.**  Meade Instruments, a Delaware corporation, whether in its corporate capacity or its capacity as a debtor and debtor in possession under chapter 11 of the Bankruptcy Code.

**1.27.    Debtor Equity Interests (or Equity Interests).**  The interests arising from the ownership of any Interest, membership interests, or shares of capital stock, whether preferred or common, of the Debtor, authorized or issued prior to the Effective Date, or from rights or claims to acquire or sell any such Interest, membership interests or capital stock, and any and all rights or claims arising with respect to the purchase, sale, or issuance of any such Interest, membership interests or capital stock, or with respect to any non-dilution rights, options, warrants, stock appreciation rights, or similar rights or instruments, contractual or otherwise, granted with respect thereto.

**1.28.    Disallowed.**  (a) When used with respect to a Claim, (i) a Claim, or any portion thereof, that is disallowed by a Final Order or which is withdrawn, in whole or in part, by the holder thereof, (ii) a Claim listed by the Debtor in its schedules at zero or as contingent, disputed, or unliquidated and as to which no proof of claim is timely filed or deemed timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, the Bankruptcy Rules, a Final Order, other applicable bankruptcy law, or the Plan, or (iii) a Claim not listed on the schedules and as to which no proof of claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code, the Bankruptcy Rules, a Final Order, other applicable bankruptcy law, or the Plan; or (b) when used with respect to an Administrative Expense Claim that requires Bankruptcy Court approval as a precondition to payment, such amount as shall be disallowed by

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    Final Order.

2      1.29.    **Disclosure Statement.**  The written Disclosure Statement (including, without

3    limitation, all exhibits and schedules thereto or reference therein) that relates to the Plan as

4    approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code and

5    Bankruptcy Rule 3017, as it may be amended, modified, supplemented, or restated from time to

6    time.

7      1.30.    **Disputed.**  With respect to a Claim, any such Claim, proof of which has been filed

8    with the Bankruptcy Court, and (a) which is listed on the schedules at zero or as unliquidated,

9    disputed or contingent, and which has not been resolved by written agreement of the parties or a

10    Final Order, or (b) as to which the Debtor or any other party in interest has filed an objection,

11    which objection has not yet been settled, withdrawn, waived through payment, or denied by a

12    Final Order.  Prior to (a) the time an objection is filed and (b) expiration of the time within which

13    an objection to such claim must be filed as established by this Plan or a Final Order, a Claim shall

14    be considered a Disputed Claim to the extent that the amount of such Claim specified in a proof of

15    claim exceeds the amount of such Claim scheduled by the Debtor as undisputed, non-contingent

16    and liquidated.

17      1.31.    **Disputed Claims Reserve.**  The reserve, if any, established for Disputed Claims in

18    accordance with the Plan.

19      1.32.    **Distribution.**  The Cash or property to be paid or distributed under the Plan to

20    holders of Allowed Claims or Allowed Interests on account of Allowed Claims or Allowed

21    Interests.

22      1.33.    **Distribution Date..**  The date on which Distributions are to be made by the Plan

23    Agent pursuant to the Plan.

24      1.34.    **Effective Date.**  The first Business Day that the Confirmation Order becomes a

25    Final Order, subject to any conditions precedent set forth in the Plan, or such other earlier date

26    after entry of the Confirmation Order selected by the Debtor in its sole and absolute discretion.

27    For clarification purposes only, the Debtor, in its sole and absolute discretion, may elect to have

28    the Effective Date occur immediately upon entry of the Confirmation Order in advance of the

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Confirmation Order becoming a Final Order.

2    **1.35.    Entity.**  An individual, a corporation, a partnership, an association, a joint stock

3  company, a joint venture, an estate, a trust, an unincorporated organization, a government or any

4  subdivision thereon or any other entity.

5    **1.36.    Estate.**  The estate of the Debtor created by Section 541 of the Bankruptcy Code

6  upon the commencement of the Bankruptcy Case.

7    **1.37.    Estate Litigation Claims.**  All claims and Causes of Action (whether currently

8  pursued or prosecuted, to be pursued or prosecuted in the future, or otherwise) not released

9  pursuant to the Plan for prosecution or resolution, including all claims, torts, demands, actions or

10  causes of action of any kind or nature whatsoever, whether known or unknown, that the Debtor,

11  debtor in possession, or the Estate may have, except to the extent that such rights, claims, and

12  causes of action are expressly released in the Plan or other orders of the Bankruptcy Court,

13  including without limitation, (a) all rights pursuant to Sections 542, 544, 545, 551, 546, and 553 of

14  the Bankruptcy Code, (b) all preference claims pursuant to Section 547 of the Bankruptcy Code,

15  (c) all fraudulent transfer claims pursuant to Section 548 of the Bankruptcy Code, (d) all claims

16  relating to post-petition transactions under Section 549 of the Bankruptcy Code, (e) all claims

17  recoverable under Section 550 of the Bankruptcy Code, (f) all claims against any third party on

18  account of an indebtedness or any other claim owed to or in favor of the Debtor or the Estate, (g)

19  all defenses, counterclaims, third party claims, offset claims, rights of recoupment, Causes of

20  Action for equitable or contractual subordination, indemnity claims and coverage claims arising

21  out of or related to any claim against the Debtor, whether based on the Bankruptcy Code or any

22  applicable law, (h) all claims related to taxes, and rights to file tax returns and amended returns

23  and to seek tax determinations, including, without limitation, tax loss carryback claims, net

24  operating loss claims, determinations of basis or depreciation, overpayment claims, offset and

25  counterclaims, (i) all claims, Causes of Action and defenses against or with respect to financial

26  institutions and any other person for the turnover of funds of, or due to, the Estate, (j) all rights,

27  Causes of Action, defenses, claims, powers, privileges and licenses of the Estate and the Debtor,

28  (k) any and all claims of any kind against SMRH arising out of its representation of the Debtor

("SMRH Malpractice Claims"), and Avoidance Actions claims against SMRH ("SMRH Avoidance Claims, and together with the SMRH Malpractice Claims, the "SMRH Claims", and (l) all Causes of Action, claims and defenses arising under the Plan and the Bankruptcy Code.

**1.38.  Final Distribution.**  With respect to an Allowed Claim, a final Distribution that is made on account of such Allowed Claim.

**1.39.  Final Order.**  An order or judgment of the Bankruptcy Court, or of any court of competent jurisdiction, which has not been reversed, stayed, modified, or amended, and as to which (a) the time to appeal, petition for certiorari, or move for re-argument or rehearing has expired, and as to which no appeal, petition for certiorari, or other proceeding for re-argument or rehearing shall then be pending; (b) any right to appeal, petition for certiorari, re-argument, or rehearing shall have been waived in writing in form and substance satisfactory to the Debtor or Reorganized Debtor (as the case may be); or (c) any appeal, petition for certiorari, re-argument or rehearing has been resolved by the highest court to which the order or judgment was appealed timely or from which certiorari, re-argument, or rehearing was sought.

**1.40.  General Unsecured Claim.**  A non-priority, unsecured Claim against the Debtor that is not a Secured Claim, an Administrative Expense Claim, a Priority Wage Claim, a Priority Tax Claim, a post-Confirmation Date Claim, or an Interest.

**1.41.  Governmental Unit.**  A governmental unit as such term is defined in section 101(27) of the Bankruptcy Code.

**1.42.  GUC Fund.**  The fund created under the Plan for payment of costs of the Plan Agent, and payment of Creditors with Allowed Claims in Class 2.

**1.43.  GUC Fund Amount.**  The amount of money to be paid into the GUC Fund.   The GUC Fund Amount shall equal $50,000 plus 30% of the projected Allowed Claims in Class 2, not including the claim of SMRH.  The GUC Fund Amount will be paid by NewCo in three equal installments, with the first installment due on the Effective Date, the second installment due on the first Anniversary Date, and the third installment due on the second Anniversary Date.

**1.44.  Impaired.**  With respect to any Claim or Interest, as defined in Section 1124 of the Bankruptcy Code.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    **1.45.    Interest.**  Any legal, equitable, or contractual interest in the Debtor represented by,

2    related to, or arising from membership interests or preferred or common stock in or of the Debtor

3    (including any non-dilution right or any option, warrant or right to acquire, purchase, sell or

4    subscribe any such interest) authorized and issued prior to the Confirmation Date and outstanding

5    on the Confirmation Date.

6    **1.46.    Lien.**  Any security interest, charge against, encumbrance upon or other interest in

7    property, the purpose of which is to secure repayment of a debt or performance of an obligation.

8    **1.47.    Meade Mexico.**  Meade Instruments Mexico S.DE R.L. DE C.V., an entity owned

9    solely by the Debtor.

10    **1.48.    NewCo.**  That entity to be created by Orion for purposes of acquiring the

11    Transferred Assets on the Effective Date.

12    **1.49.    Ningbo or Ningbo Sunny.**  Ningbo Sunny Electronic Co., Ltd., a Chinese entity,

13    which has now changed its name to Ningbo Xinhui Optical Technology Co., Ltd., the sole

14    shareholder of Optics.

15    **1.50.    Optics.**  Sunny Optics, Inc., a Delaware corporation, the sole shareholder of the

16    Debtor.

17    **1.51.    Orion.**  Optronic Technologies, Inc. dba Orion Telescopes & Binoculars.

18    **1.52.    Orion Lawsuit.**  A lawsuit initiated by Orion against Debtor, Optics and Ningbo in

19    the United States District Court for the San Jose Division of the Northern District of California,

20    Case No. 5:16-cv-06370 EJD.

21    **1.53.    Penalty Claim.**  A Claim for any fine, penalty, forfeiture or damages which is not

22    in compensation for actual pecuniary loss suffered by the holder of such Claim.

23    **1.54.    Person.**  As defined in Section 101(41) of the Bankruptcy Code.

24    **1.55.    Petition Date.**  December 4, 2019, the date on which the Debtor filed its voluntary

25    petition for relief commencing the Bankruptcy Case under chapter 11 of the Bankruptcy Code.

26    **1.56.    Plan (or Plan of Reorganization).**  The Committee's chapter 11 plan of

27    reorganization (including the Plan Documents and exhibits hereto), as it may be amended,

28    supplemented or otherwise modified from time to time thereafter, and all exhibits and schedules to

1    the foregoing, as the same may be in effect at the time such reference becomes operative.

2    **1.57.    Plan Agent.**  Broadway Advisors, LLC ("Broadway"), which shall act as the

3    representative of the Reorganized Debtor after the Effective Date, and shall have the rights,

4    powers, and obligations as set forth in the Plan

5    **1.58.    Plan Documents.**  Any agreements, documents, and/or instruments to be executed,

6    delivered, filed, recorded, or issued on or as of the Effective Date as contemplated by, and in

7    furtherance of, this Plan.

8    **1.59.    Plan Proponent (or Proponent).**  The Committee, as the proponent of the Plan.

9    **1.60.    Priority Tax Claim.**  A Claim to the extent the Claim is entitled to priority in

10   payment under Section 507(a)(8) of the Bankruptcy Code.

11   **1.61.    Priority Wage Claim.**  A Claim to the extent the Claim is entitled to priority in

12   payment under Sections 507(a)(4) and (a)(5) of the Bankruptcy Code.

13   **1.62.    Professional(s).**  An entity or entities employed pursuant to an order of the

14   Bankruptcy Court under Section 327, 328, 330, or 1103 of the Bankruptcy Code.

15   **1.63.    Pro Rata.**  At any particular time, the proportion that the face amount of a Claim in

16   a particular Class bears to the aggregate face amount of all Claims (including Disputed Claims,

17   but excluding Disallowed Claims) in such Class, unless the Plan provides otherwise.

18   **1.64.    Reorganized Debtor.**  The Debtor, as reorganized in accordance with the terms

19   and provisions of the Plan, on and after the Effective Date.  Wherever in the Plan "Reorganized"

20   precedes the name of the Debtor, it shall mean the Debtor as reorganized on and after the Effective

21   Date.

22   **1.65.    Schedules.**  The schedules of assets and liabilities and the statement of financial

23   affairs filed by the Debtor with the Bankruptcy Court pursuant to Section 521 of the Bankruptcy

24   Code and Bankruptcy Rule 1007, as they may be, or have been, amended, supplemented or

25   otherwise modified from time to time in accordance with Bankruptcy Rule 1009 or orders of the

26   Bankruptcy Court.

27   **1.66.    Secured Claim**.  A Claim (other than an Administrative Expense Claim) that is

28   secured by a lien on Collateral to the extent of the value, as of the Effective Date or such other

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

1  date as the Bankruptcy Court determines is appropriate, of such Collateral (a) as set forth in the

2  Plan, (b) as agreed to by the holder of such Claim and the Debtor, the Reorganized Debtor, or the

3  Plan Agent, as the case may be, or (c) as determined pursuant to a Final Order in accordance with

4  Section 506 of the Bankruptcy Code or, in the event, that such Claim is subject to setoff under

5  Section 553 of the Bankruptcy Code, to the extent of such setoff.

6      **1.68.    SMRH.**  Sheppard Mullin Richter & Hampton, LLP, counsel to the Debtor,

7  Ningbo and Optics in the Orion Lawsuit.

8      **1.69.    Transferred Assets.**  Those assets of the Estate that will be transferred to NewCo

9  on the Effective Date, free and clear of all Liens, Claims and Interests, including, without

10  limitation, all cash on hand on the Effective Date, after the payment of Administrative and Priority

11  Claims, all cash equivalents, all accounts receivable, intellectual property, inventory (including

12  finished goods and work in process), rights under executory contracts and leases that NewCo

13  elects to assume ("Assumed Contracts"), all existing purchase orders, trade names, knowhow,

14  customer lists, furniture, fixtures and equipment, websites and domain names, books and records,

15  stock in Meade Mexico, motor vehicles, and all deposits. The Transferred Assets do not include

16  the Estate Litigation Claims.

17      **1.70.    Unimpaired.**  When used with reference to a Claim or Class, means such a Claim

18  or Class that is not an Impaired Claim or Class.

19               **ARTICLE II**

20      **CLASSIFICATION OF CLAIMS AND INTERESTS**

21      Certain types of Claims are not placed into voting classes and, therefore, are unclassified.

22  They are not considered Impaired and they do not vote on the Plan.  A Claim or an Interest is

23  classified in a particular class only to the extent that the Claim or Interest falls within the

24  description of that Class, and is classified in another Class or Classes to the extent that any portion

25  of the Claim or Interest falls within the description of such other class or classes.  A Claim is

26  classified for the purpose of receiving Distributions pursuant to the Plan only to the extent that

27  such Claim is an Allowed Claim in that class and such Claim has not been paid, released, or

28  otherwise settled prior to the Effective Date.  Notwithstanding anything to the contrary in the Plan,

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   no Distribution shall be made on account of any Claim that is not an Allowed Claim.

2       The Plan resolves all Claims and Interests against the Debtor or property of the Debtor of

3   whatever character, whether Disputed, contingent, or unliquidated, or whether allowed by the

4   Bankruptcy Court pursuant to Section 502(a) of the Bankruptcy Code.

5       **2.1.  Unclassified Claims**  In accordance with Section 1123(a)(1), Administrative

6   Expense Claims and Priority Tax Claims have not been classified in the Plan.

7       **2.2.  Classified Claims**  The following Claims and Interests against the Debtor are

8   classified in the Plan as follows:

9       **(a)  Class 1 (Orion).**  Class 1 consists of the General Unsecured Claim of

10  Orion in the amount of $53,660,743.46.   Class 1 is Impaired.

11      **(b)  Class 2 (General Unsecured Creditors).**  Class 2 consists of the General

12  Unsecured Claims held by non-insider creditors, not including Orion.  The total amount of

13  Creditors in this Class is estimated to be approximately $970,000.   Class 2 is Impaired

14      **(c)  Class 3 (Insider Creditor).**  Class 3 consists of the General Unsecured

15  Claim of Ningbo Sunny in the amount of $11,092,576.66.   Class 3 is Impaired.

16      **(d)  Class 4 (Equity Interests).**  Class 4 consists of all Interests in the Debtor.

17  Class 4 is Impaired.

18  **ARTICLE III**

19  **TREATMENT OF UNCLASSIFIED CLAIMS**

20      **3.1.  Administrative Expense Claims.**  Administrative Expense Claims are not

21  classified in the Plan.  The following chart lists all of the Debtor's estimated Administrative

22  Expense Claims and their treatment under the Plan:

| **Name** | **Amount Owed**[1] | **Treatment** |
|---|---|---|
| Clerk's Office Fees | $0 (estimated) | Paid, in full, by the |

[1] With respect to Professionals, the "Amount Owed" estimate accounts for application of any retainer and the holdbacks from previous fee orders, and continued services through Confirmation.  The actual amount of professional fees and costs outstanding on the Effective Date may be higher or lower than the amount reflected above.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| | | Reorganized Debtor on the Effective Date |
|---|---|---|
| Office of the U.S. Trustee Fees | $28,000 (estimated) | Paid, in full, by the Reorganized Debtor on the Effective Date |
| SulmeyerKupetz, A Professional Corporation | $225,000 (estimated) | Unless otherwise agreed to between the Committee and the holder of the Administrative Claim, the Allowed amount of such claim shall be paid, in full by the Reorganized Debtor on the Effective Date, or the entry of a Final Order allowing such claim |
| Goe Forsythe & Hodges | $245,000 (estimated) | Unless otherwise agreed to between the Committee and the holder of the Administrative Claim, the Allowed amount of such claim shall be paid, in full by the Reorganized Debtor on the Effective Date, or the entry of a Final Order allowing such claim. |
| Broadway Advisors | $190,000 (estimated) | Unless otherwise agreed to between the Committee and the holder of the Administrative Claim, the Allowed amount of such claim shall be paid, in full by the Reorganized Debtor on the Effective Date, or the entry of a Final Order allowing such claim. |
| Grobstein Teeple | $22,000 (estimated) | Unless otherwise agreed to between the Committee and the holder of the Administrative Claim, the Allowed amount of such claim shall be paid, in full by the Reorganized Debtor on the Effective Date, or the entry of a Final Order allowing such claim. |
| Stetina Brunda Garred & Brucker | $5,000 (estimated) | Unless otherwise agreed to between the Committee and |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| | | |
|---|---|---|
| | | the holder of the Administrative Claim, the Allowed amount of such claim shall be paid, in full by the Reorganized Debtor on the Effective Date, or the entry of a Final Order allowing such claim. |
| Chawla Law Group | $5,000 (estimated) | Unless otherwise agreed to between the Committee and the holder of the Administrative Claim, the Allowed amount of such claim shall be paid, in full by the Reorganized Debtor on the Effective Date, or the entry of a Final Order allowing such claim. |
| Enrique A. Maldonoa Montfort of Ishinio, Esquer Y. Armada, SC | $10,000 (estimated) | Unless otherwise agreed to between the Committee and the holder of the Administrative Claim, the Allowed amount of such claim shall be paid, in full by the Reorganized Debtor on the Effective Date, or the entry of a Final Order allowing such claim. |
| Windes, Inc. | $13,500 (estimated) | Unless otherwise agreed to between the Committee and the holder of the Administrative Claim, the Allowed amount of such claim shall be paid, in full by the Reorganized Debtor on the Effective Date, or the entry of a Final Order allowing such claim. |
| Section 503(b)(9) Claims | $267,500 (estimated) | Projected Allowed Section 503(b)(9) Claims are listed in Exhibit 4 to the Disclosure Statement.   Unless otherwise agreed to between the Committee and the holder of the Administrative Claim, the Allowed amount of such claim shall be paid, in full by the Reorganized Debtor on |

| | | the Effective Date, or the entry of a Final Order allowing such claim.   With respect to the 503(b)(9) Claim held by Ningbo Sunny, said claim will be paid directly to Orion on account of Orion's judgement lien against Ningbo Sunny and its assets. |
|---|---|---|

The Bankruptcy Court must rule on, and approve, all administrative fees and expenses listed above, except for fees due and owing to the Clerk's Office and the Office of the United States Trustee.  Only the amount of fees and expenses allowed by the Bankruptcy Court will be owed and required to be paid under the Plan.  All Professional fees and other Administrative Expense Claims shall be referred to as "Administrative Claims" or "Administrative Expense Claims."

The deadline to file requests for allowance of Administrative Expense Claims is thirty (30) calendar days after the Effective Date.  Other than post-Petition Date trade payables not payable in the ordinary course of business until after the Effective Date, all applications for allowance and payment of Administrative Claims that have not been paid, released, or otherwise settled, including, but not limited to, final applications for allowance and payment of Administrative Claims for professional fees and expenses, shall be filed by this deadline or forever be barred. Professionals shall file a final application for allowance and payment of their fees and expenses in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and any orders or rules of the Court, which shall act as the only necessary documentation of Administrative Claims for professionals.

**3.2.**    **Priority Tax Claims.**  Priority Tax Claims are not classified in the Plan.

Priority tax claims are certain unsecured claims for income, employment, and other taxes owed to governmental units that are entitled to priority treatment and payment relative to other unsecured claims pursuant to Section 507(a)(8) of the Bankruptcy Code.  The Bankruptcy Code requires that each holder of such a Section 507(a)(8) claim receive regular installment payments of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such claim, over

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

a period not exceeding five years from the Petition Date, in a manner not less favorable than the most favored nonpriority unsecured claim provided by the Plan (other than cash payments made to a class of creditors under Section 1122(b) of the Bankruptcy Code).

The Committee understands that there are no priority tax claims. Except as otherwise specifically provided for in the Plan, or in orders of the Bankruptcy Court, holders of Claims shall not receive any payment on account of pre and post-Petition Date Penalty Claims arising in connection with such claims. Holders of such claims shall not assess or attempt to collect such Penalty Claims from the Debtor, the Reorganized Debtor, the Estate, or any of their respective assets or property.

**3.3.    Other Priority Claims.** Certain priority claims that are referred to in Sections 507(a)(1), (a)(4), (a)(5), (a)(6), and (a)(7) of the Bankruptcy Code, are required to be placed in classes. These types of Claims are entitled to priority treatment as follows: the Bankruptcy Code requires that each holder of such a claim receive cash, on the Effective Date, equal to the allowed amount of the claim. Certain employees of the Debtor have filed and scheduled priority employee wage claims. The projected allowed claims are listed in <u>Exhibit</u> 5 to the Disclosure Statement. Said claims as Allowed will be paid in full by the Reorganized Debtor from the Cash on Hand on the Effective Date.

**ARTICLE IV**

**TREATMENT OF CLASSIFIED ALLOWED CLAIMS AND INTERESTS**

The classes of Claims and Interests shall receive the treatment described herein, which treatment shall be in full and complete satisfaction, settlement, release, discharge of, and in exchange for all such claims and interests. Following the entry of the Confirmation Order, the rights of all Creditors and Interest holders shall be limited exclusively to the specific benefits made available and set forth in the Plan.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

### 4.1. Classes of General Unsecured Claims

| Class # | Description | Treatment |
|---------|-------------|-----------|
| 1 | Orion<br><br>Claimant:<br> Orion<br><br>Class 1 Claim Amount:<br>$53,660,743.46<br><br>Non-Insider<br><br>Impaired | The Allowed Unsecured Claim in this Class shall be paid or treated as follows:<br><br>On the Effective Date, in exchange for the Plan Consideration, defined below, a new company formed by Orion ("NewCo") shall receive title to all of the assets of the Debtor (the "Transferred Assets") not including the Estate Litigation Claims, free and clear of all liens, claims and encumbrances. The Transferred Assets shall include, without limitation, all cash on hand on the Effective Date, after the payment of Administrative and Priority Claims, all cash equivalents, all accounts receivable, intellectual property, inventory (including finished goods and work in process), rights under executory contracts and leases that NewCo elects to assume ("Assumed Contracts"), all existing purchase orders, trade names, knowhow, customer lists, furniture, fixtures and equipment, websites and domain names, books and records, stock in Meade Mexico, motor vehicles, and all deposits. With respect to the Debtor's ownership interest in Meade Mexico, the transfer will take place within 5 days of the Effective Date, with the Plan Agent being granted the authority to execute any documents required to effectuate the transfer. For avoidance of doubt, the Estate Litigation Claims are not Transferred Assets, and will remain property of the Estate and vest in the Reorganized Debtor on the Effective Date.<br><br>On or before the Effective Date, NewCo and/or Orion will provide the following consideration in exchange for the Transferred Assets:<br><br>1. Payment of all Allowed Administrative Expenses;<br>2. Payment of all Allowed Section 503(b)(9) Claims, provided however, that any Allowed Section 503(b)(9) claim in favor of Ningbo Sunny will be paid to Orion;<br>3. Payment of all Allowed Priority Unsecured Claims (estimated at $45,000);<br>4. The first installment of the GUC Fund Amount. The GUC Fund Amount equals $50,000 plus 30% of the current filed and/or scheduled general Unsecured Claims plus any Allowed Rejection Claim of the Irvine Company but not including the Class 1 Claim, claim of SMRH, or of any |

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

insider Claims.  The GUC Fund Amount shall be paid to the Reorganized Debtor to create the GUC Fund. The GUC Fund Amount will be paid equally in three annual installments, with the first being due on the Effective Date, the second being due on the First Anniversary of the Effective Date, and the third being due on the Second Anniversary Date of the Effective Date.  The second and third installments shall be reduced on a dollar for dollar basis to the extent that 5% of the gross revenues from the sale of Meade products by NewCo is less than the amount of the installment due.  In no event, however, will the GUC Fund Amount be less than $50,000 plus 15% of the current filed and/or scheduled general Unsecured Claims plus any Allowed Rejection Claim of the Irvine Company but not including the Class 1 Claim, claim of SMRH, or of any insider Claims.

5.  Assumption of all obligations under any Assumed Contracts.

6.  Assumption of the obligation to pay any costs associated with the SMRH Malpractice Action under the retention agreement with Sall Spencer and Parker Mills.

Orion will not share in any distributions from the GUC Fund.  However, Orion will share on a pro-rated basis in any recoveries not included in the GUC Fund, including proceeds of any Estate Litigation Claims.  For purposes of determining the amount of Orions's pro-rated share of said recoveries, Orion's Allowed Claim shall be fixed at $16.8 million, and Ningbo Sunny's claim shall be fixed at $11,092,577.   As a result of its judgment enforcement actions against Ningbo Sunny and Peter Ni in Orion Lawsuit, Orion shall be assigned any distribution to which Ningbo Sunny, Optics, or Peter Ni would be entitled.  Prior to the computation of the pro-rata share of proceeds of the SMRH Malpractice Action, Orion will be reimbursed for any litigation costs it or Newco has advanced.

The Plan Agent shall have the right to enforce the obligations of NewCo to pay the 2nd and 3rd Installments due under the Plan.   In the event of a default in said payments, the Plan Agent shall have the right to recover its reasonable attorneys fees and costs from NewCo.  In the event of a default by the Debtor, Reorganized Debtor, or the Plan Agent, NewCo shall have the right to recover its reasonable attorneys fees and costs from the Debtor, the Reorganized Debtor or offset the same against the GUC Fund payments.

The Committee, Reorganized Debtor and other parties as necessary shall enter, execute, file, and/or record any such

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

|  |  | further documents, and shall perform any and all actions, as may be necessary or appropriate, to effectuate the treatment of the Orion Claim in this Class 1 (the "Class 1 Documents"), and the transfer of title to the Transferred Assets.  To the extent necessary, NewCo and the Reorganized Debtor will cooperate with each other with respect to any required tax filings associated with the transfer of assets hereunder.<br><br>With respect to the consideration listed in items 1-4 above, it is anticipated that said payments will be funded from the available cash on hand in the Debtor's accounts on the Effective Date. |

| Class # | Description | Treatment |
| --- | --- | --- |
| 2 | General Unsecured Claims<br><br>Claimants:<br><br>See Exhibit 6 to the Disclosure Statement for list of Class 2 Claimants and estimated amount of claim.   This class consists of all Allowed General Unsecured Claims, but does not include the claims of Ningbo Sunny, Peter Ni, Optics, or Orion.<br><br>Non-Insider<br><br>Impaired | The Allowed General Unsecured Claims in this Class shall be paid or treated as follows:<br><br>Allowed General Unsecured Claims shall receive a pro rata Distribution of the cash available in the GUC Fund, after payment of fees and expenses of the Plan Agent (the "Net Funds"), in full and final satisfaction of their Allowed Claims. Interim Payments shall be made out of the Net Funds by the Plan Agent as soon as there are sufficient Net Funds to make a distribution of at least $50,000 in the aggregate, and thereafter, further interim distributions shall be made at the discretion of the Plan Agent as Net Funds become available, provided, however, that once all of the assets of the Estate have been fully liquidated, the Plan Agent shall make a final distribution of the Net Funds to holders of creditors in the class.<br><br>The source of payment to the holders of Allowed Claims in this Class will be the GUC Fund, and the recoveries from Estate Litigation Claims, after payment of Class 1 creditor's pro rata share.. |

| Class # | Description | Treatment |
| --- | --- | --- |
| 3 | Insider Creditor<br><br>Claimants:  Ningbo Sunny (scheduled) | The Allowed Claim in this Class shall be paid or treated as follows:<br><br>Holder of Allowed Claim in this Class will receive no |

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| | | |
|---|---|---|
| | Insider  Impaired | distribution of any kind, and such claims shall be extinguished on the Effective Date, except that, as described in the treatment of Class 1 above, for limited purposes of determining Class 1's Pro Rata distribution from the Estate Litigation Action recoveries, Ningbo Sunny's General Unsecured Claim shall be Allowed in the of $11,092,577 as scheduled. |

**4.2.    Classes of Interest Holders.**  The following chart identifies the Debtor's Interest holders and their treatment under the Plan:

| Class # | Description | Treatment |
|---|---|---|
| 4 | Equity Interests  Interest Holder:  Sunny Optics, Inc.  Insider  Impaired | The Allowed Equity Interests in this Class shall be treated as follows:  Equity Interests shall receive no distribution under the Plan but shall remain intact and shall constitute the initial Equity Interest in the Reorganized Debtor. Notwithstanding this provision and notwithstanding any corporate governance documents, after the Effective Date, Optics will have no authority to act on behalf of the Reorganized Debtor, with all such authority being specifically vested in the Plan Agent. |

# ARTICLE V

# MEANS OF IMPLEMENTATIONS AND EFFECTUATION OF THE

# PLAN

**5.1.    Satisfaction of Confirmation Requirements.**  The Committee believes that the Plan satisfies all of the statutory requirements of chapter 11 of the Bankruptcy Code.  The Plan is being proposed in good faith and the Committee believes that it has complied with, or will comply with, all applicable provisions of the Bankruptcy Code.

**5.2.    Funding for the Plan.**  Distributions to creditors under the Plan will be funded primarily from the following sources:  (a) the Debtor's Cash on hand on the Effective Date, (b) Orion and/or NewCo's Cash contribution; (c) Cash from NewCo's operations (to fund the 2nd and 3rd Installments of the GUC Fund Amount); and (d) the net recoveries from the Estate Litigation Claims.

**5.3.    The Reorganized Debtor.**  The Debtor, as the Reorganized Debtor, will continue

1  to exist after the Effective Date of the Plan.  Upon the Effective Date, Broadway, the Plan Agent,

2  shall take the possession of the Debtor's property and the management of its affairs.  Broadway

3  shall be appointed as, and act as, the Plan Agent for the purpose of making all Distributions

4  provided for under the Plan.  On the Effective Date, all of the assets of the Estate that are not

5  transferred to NewCo, shall be transferred to the Reorganized Debtor, and put under the control of

6  the Plan Agent.

7      The Plan Agent shall have broad powers including all powers of a trustee appointed

8  pursuant to section 1104 of the Bankruptcy Code.   The Plan Agent shall have the exclusive right

9  to investigate and prosecute any and all claims of the Estate, including but not limited to any

10  SMRH Claims and any Estate Litigation Claims and shall have exclusive authority to oversee the

11  disbursements under the Plan. With respect to the Estate Litigation Claims, the Reorganized

12  Debtor will remain the holder of the attorney client privilege, and the Plan Agent shall have the

13  authority to exercise all powers of the holder of such privilege.   The Plan Agent shall also have

14  the authority to enforce the payment obligations of NewCo under the Plan.  The Plan Agent shall

15  have the authority to endorse checks made payable to the Debtor and may execute any instruments

16  or documents in the name of the Debtor.   Further, the Plan Agent shall be authorized to open bank

17  accounts in the name of the Reorganized Debtor.

18      The Plan Agent shall have sole and absolute discretion over whether to prosecute, settle or

19  take action with respect to any and all claims of the Estate, including but not limited to Estate

20  Litigation Claims. To the extent that the Debtor has commenced any actions prior to the Effective

21  Date, the Plan Agent shall be substituted as the party in interest to continue to prosecute such

22  actions. The Plan Agent shall exercise his reasonable business judgment in determining whether to

23  prosecute, settle or take action regarding any and all claims of the Estate, including but not limited

24  to Estate Litigation Claims.  With respect to any material decision regarding the prosecution or

25  compromise of the SMRH Claims, the Plan Agent shall first consult with Orion.

26      The Plan Agent may compromise or settle any all claims of the Estate, including but not

27  limited to Estate Litigation Claims without further notice, hearing or Court order, provided,

28  however, that the resolution of any claim, either by or against the Debtor or its estate, where the

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  amount in controversy exceeds $500,000, the Plan Agent must seek and obtain approval from the

2  Bankruptcy Court.

3  The duties of the Plan Agent shall also include preparing and filing the post-confirmation

4  status reports with the Office of the United States Trustee and paying all post-confirmation

5  quarterly fees of the Office of the United States Trustee until the Bankruptcy Case is dismissed or

6  a Final Decree has been entered, whichever occurs first.  The Debtor, as the Reorganized Debtor,

7  will continue to exist after the Effective Date of the Plan.  Subject to the terms and conditions of

8  the Plan, the Plan Agent, and not the current officers and directors of the Debtor, will have all of

9  the rights to take all actions of a corporation under the laws of the State of California.  Except as

10  set forth in the Plan expressly to the contrary, the current officers and directors of the Debtor will

11  be enjoined from exercising any corporate powers and rights accorded to the Debtor under its

12  articles of incorporation, operating agreement, by-laws, and other corporate governance

13  agreements, as such corporate governance agreements may be amended by the Plan.  To the extent

14  necessary, the Plan Agent may amend any corporate governance documents for the Reorganized

15  Debtor, including any charters, bylaws, operating agreements, or other organization or formation

16  documents, as applicable, to carry out the provisions of the Plan.

17  The Plan Agent shall be compensated as follows:  The Plan Agent will receive a fee of 3%

18  of all amounts distributed under the Plan, provided, however, that the Plan Agent will not receive

19  a fee on amounts distributed on the Effective Date (i.e. to holders of Allowed Administrative

20  Claims, or Allowed Priority Claims).   In addition, the Plan Agent will be entitled to recover his

21  actual out-of-pocket expenses.  For avoidance of doubt, actual out-of-pocket expenses shall not

22  include general overhead expenses of the Plan Agent.  The Plan Agent's fees and expenses shall

23  be paid solely from the GUC Fund, except any fees and expenses due to the Plan Agent from the

24  distribution of any proceeds of the Estate Litigation Claims, which shall be paid from said

25  recoveries before distribution to creditors.

26  **5.4.    Employee Matters**:   On the Effective Date, the Debtor shall terminate each of

27  the employees of the Debtor (the "Meade Employees"), and shall pay to each Meade Employee

28  their final paycheck in accordance with California law, including all accrued or earned

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  compensation and benefits, and paid time off ("PTO") through the date of such termination.

2  NewCo shall offer employment to at least seventy-five percent (75%) of the Meade Employees

3  with comparable job descriptions or positions as held with Meade on such terms and conditions as

4  determined in the sole and absolute discretion of NewCo, with such offers to be effective as of the

5  day following the Effective Date.  All Meade  Employees who accept such offer of employment

6  and commence employment with NewCo on or after the Effective Date are hereinafter referred to

7  as the "Transferred Employees."  Nothing contained in the Plan shall confer upon any Transferred

8  Employee any right with respect to employment or other services by NewCo, nor shall anything

9  herein interfere with the right of NewCo to terminate the employment or service of any such

10  Transferred Employee or other service provider at any time, with or without cause, or restrict

11  NewCo in the exercise of its independent business judgment in modifying any of the terms and

12  conditions of the employment or service of any such Transferred Employee or other Person.

13       **5.5.**     **Objections to Claims.**  Except as otherwise provided in the Plan, after the

14  Confirmation Order becomes a final order, the Plan Agent and Orion shall have the coextensive

15  authority to file objections to Claims from and after the Effective Date.  The Plan Agent and Orion

16  shall consult with each other before taking any action with respect to any Disputed Claim.   If the

17  Plan Agent and Orion do not agree, in writing, as to the resolution of any Disputed Claim, they

18  must first seek approval of any such resolution by the Bankruptcy Court on regularly noticed

19  motion, with Orion and the Plan Agent each reserving their respective rights to object to any

20  proposed resolution.

21       Except as otherwise specifically provided in the Plan or in the Confirmation Order, all

22  objections to claims shall be filed and served not later than one hundred eighty (180) calendar days

23  after the Effective Date (the "Claim Objection Deadline"), unless such period is extended by

24  Bankruptcy Court order.  Objections to any Claims filed after entry of the Confirmation Order,

25  including, but not limited to, Claims arising pursuant to Section 502(h) of the Bankruptcy Code,

26  and any objections to Claims filed after any particular Claim Objection Deadline in effect at the

27  time, shall be filed by the Reorganized Debtor or Orion not later than one hundred eighty (180)

28  calendar days after proof of such Claim is filed, unless such period is extended by Bankruptcy

1    Court order.

2        **5.6.        Amendments to Claims; Claims Filed After the Confirmation Hearing.**

3    Except as otherwise provided in the Plan, after the Confirmation Hearing, a proof of Claim may

4    not be filed or amended without the authorization of the Bankruptcy Court and, even with such

5    Bankruptcy Court authorization, may be amended by the holder of such Claim solely to decrease,

6    but not to increase, the amount set forth therein.  Except as otherwise provided in the Plan and in

7    the immediately preceding sentence, any proof of Claim (whether filed to assert a new Claim or to

8    amend a previously filed Claim) filed after the Confirmation Hearing shall be deemed Disallowed

9    in full and expunged without any action by the Plan Agent or the Reorganized Debtor.  The filing

10   of any new Claim shall not create an obligation for NewCo to increase the distributions to the

11   GUC Fund.

12       **5.7.        Interest Pending Allowance of Claims.**  Except as specifically provided for in

13   the Plan, in the Confirmation Order, or in some other order of the Bankruptcy Court, interest shall

14   not accrue on General Unsecured Claims, and no holder of such a claim shall be entitled to interest

15   accruing on or after the Petition Date.  To the extent the Plan Agent, Orion or any other party in

16   interest objects to the allowance of any Claim, nothing in the Plan shall be deemed to imply or

17   create for the holder of any Disputed Claim any entitlement to receive interest upon the allowed

18   amount of any such Disputed Claim as a result, *inter alia*, of the delay in payment of such claim,

19   except as expressly stated in the treatment pursuant to the Plan.

20       **5.8.        Distributions to be Made Pursuant to the Plan.**  Any Distribution required to

21   be made on the Effective Date or the entry of a Final Order will be deemed timely if made as soon

22   as practicable after such date and, in any event, within fourteen (14) calendar days after such date.

23   Any Distribution required to be made upon a Disputed Claim becoming an Allowed Claim and no

24   longer being a Disputed Claim will be deemed timely if made as soon as practicable thereafter

25   and, in any event, within fourteen (14) calendar days thereafter.

26            Unless otherwise specifically provided for in the Plan, in the Confirmation Order, or in

27   some other order of the Bankruptcy Court, interest shall not accrue on Claims, and no holder of a

28   Claim shall be entitled to interest accruing on or after the Petition Date or the Confirmation Date.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Interest shall not accrue or be paid upon any Disputed Claim in respect of the period from the

2  Petition Date to the date a final Distribution is made thereon if and after such Disputed Claim

3  becomes an Allowed Claim.

4      Cash payments made pursuant to this Plan shall be in Cash by the means agreed to by the

5  payor and the payee, including by check drawn on a domestic bank or by wire transfer from a

6  domestic bank, or, in the absence of an agreement, such commercially reasonable manner as the

7  Reorganized Debtor shall determine in its sole discretion.

8      Any Distribution due on a day other than a Business Day shall be made, without interest,

9  on the next Business Day.

10     Under the Plan, no payments of fractions of cents will be made.  When any payment of a

11 fraction of a cent is contemplated, the actual payments shall reflect a rounding of such fraction to

12 the nearest whole cent (.5 cent distributions shall be rounded down).  If a Cash payment otherwise

13 provided for under the Plan on account of an Allowed Claim would be $5.00 or less (whether in

14 the aggregate or on any distribution date), the Reorganized Debtor shall not be obligated to make

15 such Distribution on account of such Allowed Claim.  In the event the Reorganized Debtor elects

16 not to make such a Distribution, the holder of such Claim shall have no recourse against the

17 Reorganized Debtor, the Estate, the Debtor, or the Plan Agent, and its right to receive such

18 Distributions shall be extinguished.

19     Any federal, state, or local withholding taxes or other amounts required to be withheld

20 under applicable law shall be deducted from Distributions under the Plan.  All Entities holding

21 Claims shall be required to provide any information necessary to effect the withholding of such

22 taxes.

23     As to Distributions, any reference to the Reorganized Debtor shall include the Plan Agent.

24     **5.9.    Unclaimed Property; Void Checks.**  For a period of one-hundred-eighty (180)

25 calendar days after any particular Distribution is made pursuant to this Plan, checks and other

26 property that is unclaimed (including checks that have been returned as undeliverable without a

27 proper forwarding address and checks that were not mailed or delivered because of the absence of

28 a proper address to which to mail or deliver the same) with respect to such Distribution shall be

1  distributed to the holders of Allowed Claims entitled thereto upon the presentment to the

2  Reorganized Debtor of satisfactory proof of entitlement.  On the first day after the expiration of

3  such one-hundred-eighty (180) calendar day period:  (a) holders of Allowed Claims previously

4  entitled to such undeliverable or unclaimed property shall no longer be entitled thereto, (b) such

5  Claims shall be deemed Disallowed for all purposes, and (c) the then remaining Cash constituting

6  such undeliverable or unclaimed property with respect to such Distribution shall be re-designated

7  as and become distributable Cash.  If a check issued by the Reorganized Debtor in respect of an

8  Allowed Claim is not negotiated within sixty (60) calendar days after the date of issuance, it shall

9  be null and void.  A payee may request the Reorganized Debtor to reissue a check prior to the

10  expiration of the one-hundred-eighty (180) calendar day period set forth above.  The Reorganized

11  Debtor and the Plan Agent shall have no obligation to locate or attempt to locate any holder of a

12  Claim (a) whose distribution has been returned as undeliverable without a proper forwarding

13  address, and (b) whose distribution was not mailed or delivered because of the absence of a proper

14  address to which to mail or deliver the same.

15      **5.10.    Disputed Claims and Disputed Claims Reserve.**  If a dispute arises as to the

16  identity of a holder of an Allowed Claim, who is to receive any Distribution, the Reorganized

17  Debtor is authorized, in lieu of making such Distribution to such entity, make such Distribution

18  into a Disputed Claims Reserve until the disposition thereof shall be determined by Bankruptcy

19  Court order or by written agreement among the interested parties to such dispute.  The

20  Reorganized Debtor is authorized to maintain a Disputed Claims Reserve for (a) Disputed

21  Administrative Expense Claims, and (b) Disputed Priority or Unsecured Claims.  The amounts

22  reserved with respect to such disputed items shall be distributed as provided in the Plan after the

23  Allowed amounts thereof are determined by Final Order or otherwise resolved.  Any Distributions

24  on a Disputed Administrative Expense Claim or Disputed Secured, Priority, or Unsecured Claim

25  that has become allowed by Final Order as otherwise provided in the Plan will be distributable as

26  such amounts would have been distributable had the same been allowed as of the Effective Date.

27      **5.11.    Grace Period.**  Notwithstanding any provisions to the contrary contained in the

28  Plan, in accordance with the provisions herein, in the event that the Reorganized Debtor should

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

fail to timely pay any of the payments required by the Plan, the Reorganized Debtor will have a grace period of fifteen (15) calendar days after the Reorganized Debtor's receipt of notice of such default (the "Default Notice") within which to cure such default.  Notwithstanding any provision to the contrary contained in the Plan, in the event that the Reorganized Debtor should fail to comply timely with any obligations required by the Plan, other than payment obligations, the Reorganized Debtor will have a grace period equal to the greater of the following periods within which to cure such default:  (a) thirty (30) calendar days after the Reorganized Debtor's receipt of the Default Notice associated therewith; or (b) such period of time fixed by the Bankruptcy Court for curing such default.  In the event that the Reorganized Debtor should cure any default within the grace period provided herein, the Creditor that had asserted such default must immediately provide to the Reorganized Debtor a written rescission of its default notice.  In the event that the Reorganized Debtor should fail to cure any such default within the grace period provided herein, in order to pursue any remedy against the Reorganized Debtor, the Plan Agent, or the Estate, the Creditor asserting such default must file with the Bankruptcy Court a declaration under penalty of perjury, setting forth with specificity the nature of such default and must proceed according to law to exercise its remedies against the Reorganized Debtor, or the Estate, including the remedies specified herein.  The Reorganized Debtor will have the right to dispute the existence of such default and, in connection therewith, may object to the entry of such order by the Bankruptcy Court.  The Bankruptcy Court will resolve any dispute regarding the existence of such default.

5.12.    **No Distributions Pending Allowance.**  Notwithstanding any other provision of the Plan, no payments or Distributions shall be made with respect to all or any portion of a Disputed Claim, unless and until all objections to such Disputed Claim have been settled, withdrawn, or determined by a Final order.  No holder of a Disputed Claim shall have any claim against any property of the Estate on account of such Disputed Claim until such Disputed Claim becomes Allowed.

5.13.    **Post-Confirmation Professionals and Fees.**  After the Effective Date, the Reorganized Debtor shall be permitted to retain or employ any professional (or maintain employment of any professional the Debtor employed prior to the Effective Date) without the need

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  for any notice to creditors and without the need for obtaining any approval or order of the

2  Bankruptcy Court.  Any Professional employed by the Debtor or Reorganized Debtor, as

3  applicable, after confirmation of the Plan will be entitled to obtain payment of all fees and costs

4  incurred after confirmation of the Plan in the ordinary course of business as a post-confirmation

5  operating expense from funds of the Estate, the Debtor, or the Reorganized Debtor, without the

6  need for any notice to Creditors or other parties in interest and without the need for obtaining any

7  approval of the Bankruptcy Court.  With respect to the retention of Sall Spencer and Parker Mills,

8  NewCo will fund the obligation to advance costs as provided for in the retention agreement with

9  said counsel.

10      **5.14.    Retention and Enforcement of Estate Litigation Claims.**  Except as otherwise

11  provided in the Plan or in the Confirmation Order, or in any contract, instrument, release, or other

12  agreement entered into in connection with the Plan, in accordance with Section 1123(b)(3) of the

13  Bankruptcy Code, any Estate Litigation Claims, which include, but are not limited to, rights of

14  action, claims for relief, or Causes of Action under any theory of law, including, without

15  limitation, under the Bankruptcy Code, applicable state law, or applicable federal law, that accrued

16  or are accruing to the Debtor, shall remain assets of the Debtor's Estate.  Except as otherwise

17  provided in the Plan or in the Confirmation Order, on the Effective Date, all Estate Litigation

18  Claims, including, but not limited to, the SMRH Claims, all Avoidance Actions, other than any

19  rights of action, claims for relief, or Causes of Action released under the Plan, shall revest in the

20  Reorganized Debtor.  From and after the Effective Date, the Plan Agent shall retain and have the

21  exclusive right and full authority to enforce, sue on, settle, or compromise (or decline to do any of

22  the foregoing) any and all Estate Litigation Claims revested in the Reorganized Debtor, including,

23  but not limited to the SMRH Claims, all Avoidance Actions and all other Causes of Action of a

24  trustee and debtor in possession under the Bankruptcy Code or under applicable law, and rights to

25  payment of Claims that belong to the Debtor and the Estate that arose before the Effective Date.

26  No preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral

27  estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches

28  shall apply to the Estate Litigation Claims.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   EXCEPT AS OTHERWISE SET FORTH IN THE PLAN, BASED UPON THE

2   FOREGOING, THE COMMITTEE HAS MADE NO FINAL DETERMINATION

3   WHETHER THE ESTATE LITIGATION CLAIMS EXIST OR SHOULD BE PURSUED

4   IN THE BANKRUPTCY CASE.  THE COMMITTEE'S INVESTIGATION IN THIS

5   REGARD IS ONGOING,  AND WILL CONTINUE TO BE UNDERTAKEN BY THE

6   PLAN AGENT AFTER THE EFFECTIVE DATE.  AS A RESULT, ALL PARTIES IN

7   INTEREST ARE HEREBY ADVISED THAT, NOTWITHSTANDING THE FACT THAT

8   THE EXISTENCE OF ANY PARTICULAR ESTATE LITIGATION CLAIM MAY NOT

9   BE SPECIFICALLY IDENTIFIED, DISCLOSED, LISTED, OR SET FORTH IN THIS

10  PLAN OR IN THE DISCLOSURE STATEMENT, ESTATE LITIGATION CLAIMS MAY

11  BE FILED AGAINST ANY CREDITOR OR OTHER PARTY.  NOTHING IN THE PLAN

12  WILL REQUIRE THE REORGANIZED DEBTOR TO PROSECUTE OR LITIGATE

13  ANY ESTATE  LITIGATION CLAIMS, ALL OF WHICH MAY BE DETERMINED IN

14  THE EXERCISE OF THE SOLE AND ABSOLUTE DISCRETION OF THE PLAN

15  AGENT.

16      5.15.    Settlement, Limitation of Liability, Waivers, Releases, and Related

17  Provisions.

18          (a)    Compromise of Controversies.    From and after the Effective Date, the

19  Reorganized Debtor will be entitled to compromise any objections to a Disputed Claim, and

20  compromise any controversies relating to Estate Litigation Claims, objections to Claims or

21  Interests, or other litigation pending after the Effective Date, without any need for any notice to

22  creditors or any approval of the Bankruptcy Court.  Provided, however, that with respect to the

23  resolution of any claim, either by or against the Reorganized Debtor, the Debtor or the Estate,

24  where the amount in controversy exceeds $500,000, the Plan Agent must seek and obtain approval

25  from the Bankruptcy Court.

26          (b)    Discharge of all Claims and Interests and General Releases.  Except as

27  otherwise specifically provided by the Plan or in the Confirmation Order, entry of the

28  Confirmation Order (subject to the occurrence of the Effective Date) acts as a discharge of all

1    Claims against, Liens on, and Interests in, the Debtor, the Debtor's assets, and its respective

2    properties, arising at any time before the entry of the Confirmation Order, regardless of whether a

3    proof of claim or interest thereof was filed or was deemed filed, whether the Claim or Interest is

4    an Allowed Claim or an Allowed Interest, or whether the holder thereof votes to accept the Plan or

5    is entitled to receive a Distribution thereunder. The Confirmation Order shall be a judicial

6    determination of discharge of all liabilities of the Debtor, subject to the occurrence of the Effective

7    Date.

8            Except as otherwise specifically provided in the Plan or in the Confirmation Order, the

9    Distributions and rights that are provided in the Plan shall be in complete satisfaction, settlement,

10   release, and discharge of, and in exchange for, effective as of the Confirmation Date (but subject

11   to the occurrence of the Effective Date), (a) all Claims and Causes of Action against, liabilities of,

12   Liens on, obligations of and Interests in the Debtor or the Reorganized Debtor, and the assets and

13   properties of the Debtor or the Reorganized Debtor, whether known or unknown, and (b) all

14   Causes of Action (whether known or unknown, either directly or derivatively through the Debtor

15   or the Reorganized Debtor) against, Claims (as defined in Section 101 of the Bankruptcy Code

16   and in the Plan) against, liabilities (as guarantor of a Claim or otherwise) of, Liens on the direct or

17   indirect assets and proprieties of, and obligations of successors and assigns of, the Debtor, the

18   Reorganized Debtor and its successors and assigns based on the same subject matter as any Claim

19   or based on any act or omission, transaction or other activity or security, instrument or other

20   agreement of any kind or nature occurring, arising or existing prior to the Effective Date that was

21   or could have been the subject of any Claim or Interest, in each case regardless of whether a proof

22   of claim or interest was filed, whether or not Allowed and whether or not the holder of the Claim

23   or Interest has voted on the Plan.  Nothing herein shall be deemed a discharge of any claims Orion

24   has, may have, or may hereinafter acquire against any party other than Meade.

25           **(c)**      **Injunctions.**  The Confirmation Order shall enjoin the prosecution, whether

26   directly indirectly, derivatively, or otherwise, of any Claim, obligation, suit, judgment, damage,

27   demand, debt, right, Cause of Action, liability, or Interest released, discharged, or terminated

28   pursuant to the Plan.  Except as provided in the Plan or the Confirmation Order, as of the Effective

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Date, all Entities that have held, currently hold, or may hold, a Claim or other debt or liability that

2   is extinguished, or an Interest or other right of an equity security holder that is extinguished,

3   pursuant to the terms of the Plan, are permanently enjoined from taking any of the following

4   actions against the Debtor, the Debtor's Estate, the Reorganized Debtor, the Plan Agent, the

5   Committee, the Professionals, or their property on account of any such extinguished Claims, debt,

6   or liabilities, or extinguished interests or rights: (a) commencing or continuing, in any manner, or

7   in any place, any action or other proceeding, (b) enforcing, attaching, collecting, or recovering, in

8   any manner, any judgment, award, decree, or order, (c) creating, perfecting, or enforcing any Lien

9   or encumbrance, (d) asserting as setoff, right of subrogation, or recoupment of any kind against

10  any debt, liability, or obligation due to the Debtor or the Estate, and (e) commencing or continuing

11  any action, in any manner, in any place, that does not comply with or is inconsistent with the

12  provisions of the Plan.  Unless otherwise provided in the Plan or in the Confirmation Order, all

13  injunctions or stays provided for in the Bankruptcy Case under Section 105 or 362 of the

14  Bankruptcy Code or otherwise, and extant on the Confirmation Date, shall remain in full force and

15  effect until the Effective Date and with respect to all property constituting, or designated to be,

16  assets of the Estate.  To the extent any injunction or stay is provided under the Plan or

17  Confirmation Order, it shall remain in effect following the Effective Date. Nothing herein shall be

18  deemed an injunction prohibiting Orion from taking such actions as it may deem necessary in

19  collecting on its judgment against any and all parties, except Meade.

20      **5.16.    Setoffs, Recoupment, and Defenses.**  Nothing contained herein shall constitute a

21  waiver or release by the Debtor, the Reorganized Debtor, or the Estate, of any rights of set-off or

22  recoupment, or of any defense, any of them may have with respect to any Claim or Interest

23  (including, without limitation, rights under Section 502(d) of the Bankruptcy Code).  Pursuant to

24  Section 553 of the Bankruptcy Code or applicable non-bankruptcy law, the Reorganized Debtor,

25  on behalf of the Estate, may set-off against any Allowed Claim and Distribution to be made

26  pursuant to the Plan on account of such Allowed Claim before any Distribution is made on

27  account of such Allowed Claim, any pre-Petition Date or post-Petition Date account stated, claim,

28  right, or Cause of Action which the Reorganized Debtor or the Estate may possess against the

1  holder of such Allowed Claim.

2  Neither the failure to effect such set-off nor the allowance of any Claim will constitute a

3  waiver or release by the Reorganized Debtor or the Estate of any such account, claim, right, and

4  Cause of Action that the Reorganized Debtor or the Estate may possess against the holder of such

5  Allowed Claim.  To the extent that the Reorganized Debtor fails to effect a valid set-off with a

6  creditor and seeks to collect a Claim from such creditor after a Distribution to such creditor

7  pursuant to the Plan, the Reorganized Debtor will be entitled to full recovery on its Claim against

8  such Creditor, notwithstanding any payment on the Creditor's Allowed Claim pursuant to the

9  Plan.

10  **5.17.    Bankruptcy Court Approval Relative to Post-Confirmation Matters.**

11  Nothing contained in the Plan will be deemed to impair in any manner the right of the Debtor or

12  Reorganized Debtor, as applicable, or any party in interest, to seek at any time after the Effective

13  Date orders of the Bankruptcy Court approving actions to be taken consistent with the Plan as may

14  be necessary or desirable to effectuate the provisions of the Plan.

15  **5.18.    No Liability for Debtor, Its Officers, Directors, Members, or Agents.**

16  NEITHER THE DEBTOR,  THE PLAN PROPONENT, THE COMMITTEE, THE

17  COMMITTEE MEMBERS INCLUDING ORION, THE PLAN AGENT, NOR ANY OF

18  THEIR RESPECTIVE PAST OR PRESENT MEMBERS, EQUITY HOLDERS,

19  SHAREHOLDERS, NOR ANY OF THEIR RESPECTIVE PAST OR PRESENT

20  OFFICERS, DIRECTORS, EMPLOYEES, ATTORNEYS, PROFESSIONALS, OR

21  AGENTS DURING THE BANKRUPTCY CASE, SHALL HAVE OR INCUR ANY

22  LIABILITY TO ANY HOLDER OF A CLAIM OR INTEREST OR TO ANY OTHER

23  ENTITY FOR ANY ACT OR OMISSION IN CONNECTION WITH, OR ARISING

24  OUT OF, THE BANKRUPTCY CASE, NEGOTIATION AND PURSUIT OF

25  CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, THE

26  ADMINISTRATION OF THE PLAN, OR THE PROPERTY OR DISTRIBUTIONS TO

27  BE DISTRIBUTED UNDER THE PLAN EXCEPT FOR GROSS NEGLIGENCE OR

28  WILLFUL MISCONDUCT OR *ULTRA VIRES* ACTS, AND, IN ALL RESPECTS, THE

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

DEBTOR, PLAN PROPONENT, AND THE COMMITTEE, AND EACH OF THEIR RESPECTIVE MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, AND AGENTS SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN; PROVIDED, HOWEVER, THAT THE FOREGOING SHALL NOT SUPERSEDE THE "SAFE HARBOR" FROM LIABILITY PROVIDED BY SECTION 1125(E) OF THE BANKRUPTCY CODE. THE TERMS OF THIS RELEASE SHALL OPERATE AS A RELEASE AND WAIVER, AS OF THE EFFECTIVE DATE OF THE PLAN, OF ALL CLAIMS AND CAUSES OF ACTION AGAINST ANY PROFESSIONAL RETAINED IN THE BANKRUPTCY CASE AT THE EXPENSE OF THE ESTATE. NOTHING HEREIN IS DEEMED TO LIMIT OR OTHERWISE RELEASE ANY LIABILITY OF ANY PROFESSIONAL TO ITS RESPECTIVE CLIENT THAT MAY EXIST UNDER APPLICABLE STATE LAW OR APPLICABLE RULES OF PROFESSIONAL CONDUCT.

## ARTICLE VI

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1. Assumption.** Effective as of, and conditioned on, the occurrence of the Effective Date, all of the Debtor's remaining executory contracts and unexpired leases which have not been previously assumed or rejected by the Debtor, and which are identified below, shall be deemed to be assumed  by the Estate and assigned to NewCo and will become valid and binding executory contracts and unexpired leases of NewCo (the "Assumed Contracts and Leases"), unless such contract or lease (i) was previously assumed, assumed and assigned, or rejected by the Debtor, pursuant to a Final Order of the Bankruptcy Court, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to reject filed by the Debtor on or before the Confirmation Date, or (iv) is specifically designated as a contract or lease to be rejected on the Schedule of Rejected Contracts (attached to the Disclosure Statement as "Exhibit "7").  Orion, reserves the right, prior to the Confirmation Hearing, to amend the Schedule of Rejected Contracts to add or remove any executory contract or unexpired lease.   Any

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  amendments to the Schedule of Rejected Contracts will be made by Orion no later than seven (7)

2  days prior to the Voting Deadline.

3      With respect to the Assumed Contracts and Leases for which a default exists on the

4  Effective Date, NewCo will be required to (a) cure or provide adequate assurance that NewCo will

5  promptly cure any default existing under any such executory contract and unexpired lease, (b)

6  compensate or provide adequate assurance that  NewCo will promptly compensate any other party

7  to such executory contract and unexpired lease for any actual pecuniary loss to such parties

8  resulting from any default existing under any such executory contract and unexpired lease, and (c)

9  provide adequate assurance of future performance under such executory contract and unexpired

10 lease.

11     The Debtor is the lessee under one unexpired lease of non-residential real property.

12 NewCo is in discussions with the Irvine Company regarding the treatment of this lease.  NewCo

13 has proposed to pay rent after the Effective Date, but with the option to vacate the premises prior

14 to the expiration of the term of the Lease.  Were NewCo elect to reject the lease, or vacate prior to

15 the contractual termination date, any Rejection Claim in favor of Irvine Company would be treated

16 as a Class 2 General Unsecured Claim.  Under such circumstances, the GUC Fund Amount will be

17 increased to account for the Rejection Claim such that the GUC Fund Amount will remain

18 $50,000 plus 30% of the current filed and/or scheduled general Unsecured Claims plus any

19 Allowed Rejection Claim of the Irvine Company but not including the Class 1 Claim, claim of

20 SMRH, or of any insider Claims.  To the extent that NewCo elects to assume the lease, the

21 proposed amount of the Cure Claim based on the Debtor's records is:

| LEASE | PROPOSED CURE CLAIM |
|---|---|
| Lease with Irvine Company for offices and warehouse located at 27 Hubble Drive, Irvine, CA  Expiration Date:  2/28/22 | $0—Debtor has remained current |

28     The Debtor is a party to contracts with various parties, without admission that such

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

contracts are executory contracts.  The following is a list of the parties with whom the Debtor has a contract, NewCo anticipates assuming under the Plan (to the extent such contract is an executory contract), together with the proposed amount of the Cure Claim based on the Debtor's records:

| CONTRACTING PARTY and CONTRACT DESCRIPTION | PROPOSED CURE CLAIM |
|---|---|
| Astro Instruments<br><br>Non Exclusive Distribution Agreement for Morocco | $0.00 |
| Astroweden<br><br>Non Exclusive Distribution Agreement for Scandanavia | $0.00 |
| Fotobest PVT Ltd<br><br>Exclusive Distribution Agreement for India | $0.00 |
| Hama (UK) Ltd<br><br>Non Exclusive Distribution Agreement for United Kingdom and Ireland | $0.00 |
| Kenko Tokina Co, Ltd<br>Exclusive Distribution Agreement for Japan | $0.00 |
| Levenhuk<br><br>Non Exclusive Distribution Agreement for Czech Republic, Poland, Hungary and Slovakia | $0.00 |
| Nimax<br><br>Non Exclusive Distribution Agreement for France, Switzerland, Austria, Belgium, Netherlands, Luxemborg, Lithuania, Latvia, Estonia, Belarus, Croatia, Malta, Slovenia, Romania, Greece and Portugal | $0.00 |
| Singer Photographic<br><br>Non Exclusive Distribution Agreement for South Africa | $0.00 |
| Skypoint, SRL<br><br>Exclusive Distribution Agreement for Italy | $0.00 |

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| Tasco Sales Australia<br><br>Non Exclusive Distribution Agreement for Australia and New Zealand | $0.00 |
|---|---|
| Ultralyt Developments, L.L.<br><br>Non Exclusive Distribution Agreement for Spain | $0.00 |
| Neofunds by Neopost<br><br>Postage Rental Agreement | $0.00 |
| Ningbo Xinhui Optical Technology Co.-<br>Exclusive Distribution Agreement for China | $0.00 |

As noted above, it is anticipated that NewCo will be assigned each of the unexpired leases and executory contracts identified above to the extent the assumption of any contract or lease is not yet effective, NewCo may, and reserves the right to, modify, update, or otherwise supplement the list of Assumed Contracts and Leases, including, but not necessarily limited to, the addition of further contracts or leases to, or the removal of any contracts or leases from, the Assumed Contracts and Leases list.

With respected to any Assumed Contracts and Leases that are assigned to NewCo, NewCo will perform all related obligations whether arising before or after confirmation of the Plan. For the avoidance of doubt, such obligations shall include, but not be limited to, amounts owed under a contract or lease (as modified by any agreement of the parties) that have not been billed or not yet become due and any regular or periodic adjustment or reconciliation of charges under a contract or lease (as modified by any agreement of the parties). Any arrearages arising before confirmation of the Plan will be paid by NewCo on or before the first day of the month following the Effective Date unless the parties agree otherwise or the Court finds that a longer payment schedule still provides the creditor with timely cure and adequate assurance of future performance. Obligations that arise after confirmation of the Plan will be paid as they come due.

The Confirmation Order, subject to the occurrence of the Effective Date, shall constitute an order approving the assumption and assignment to NewCo of the Assumed Contracts and Leases, if any.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    **6.2.    Rejections.**  On the Effective Date, all executory contracts and unexpired leases

2  which have not been designated for assumption shall be deemed rejected (the "<u>Rejected Contracts

3  and Leases</u>").   To the extent rejection of any lease or contract is not yet effective, the Committee

4  and Orion may, and reserve the right to, modify, supplement, or otherwise amend the list of

5  Rejected Contracts and Leases, including, but not necessarily limited to, the addition of further

6  contracts or leases to, or the removal of contracts or leases from, the Rejected Contracts and

7  Leases list.  The Confirmation Order, subject to the occurrence of the Effective Date, shall

8  constitute an order approving the rejection of all such executory contracts and unexpired leases, if

9  any.

10    **6.3.    Bar Date for Rejection Claims.**  Any claim arising from the rejection of an

11  executory contract or unexpired lease (a "<u>Rejection Claim</u>") will be forever barred, will not be

12  enforceable against the Estate, the Debtor, or the Reorganized Debtor, and will not be entitled to

13  any distribution under the Plan, unless a proof of Claim for such Rejection Claim is filed and

14  served on the Committee within thirty (30) calendar days after the Effective Date.  Any claim

15  based on the rejection of an executory contract or unexpired lease will be barred if the proof of

16  claim is not timely filed.  Any Allowed Rejection Claim will be treated as a Class 2 General

17  Unsecured Claim.

18    **6.4.    Cure Claims Schedule.**  The schedules of the amounts, if any, necessary to cure

19  defaults under executory contracts and unexpired leases to be assumed under the Plan (the "<u>Cure

20  Claims Schedules</u>"), is set forth above and in the Plan as part of the list of Assumed Contracts and

21  Leases.  Pursuant to the Plan, any objection to the amounts in the Cure Claim Schedules (the

22  "<u>Cure Claim Objection</u>") must be filed and served upon counsel for the Committee on or before

23  the deadline to file any objection to Confirmation of the Plan, and such Cure Claim Objection may

24  be made as part of such party's objection to Confirmation of the Plan (the "<u>Cure Claim Objection

25  Deadline</u>"). The Cure Claim Objection need not be accompanied by a declaration, but shall

26  include detailed account statements from the records of the lessor or contracting party that support

27  the Cure Claim Objection.  In the event that any such Cure Claim Objection is not filed and served

28  by the Cure Claim Objection Deadline, the Cure Claim will be deemed forever to be as set forth in

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   the Cure Claim Schedules, and any Cure Claim in excess of such amount will be waived and will

2   be forever barred in the Bankruptcy Case, without further notice.  If the Committee and/or Orion

3   cannot consensually resolve any Cure Claim Objection in advance of the Confirmation Hearing,

4   without delaying confirmation of the Plan, and except as otherwise may be agreed or later

5   consensually resolved between the Committee and/or Orion and the particular objecting lessor or

6   contracting party, the following procedures shall apply: (a) NewCo shall pay the undisputed

7   portion of the Cure Claim as set forth in the Plan; (b)  NewCo shall maintain the disputed portion

8   of the Cure Claim in a segregated account pending resolution of the Cure Claim Objection; and (c)

9   at the Confirmation Hearing, the Court shall set a post-confirmation status conference for a date

10  that is approximately 45 calendar days after the Confirmation Hearing, at which time the Court

11  will set a further hearing and related briefing schedule (which briefing shall include declarations)

12  to determine the merits of the outstanding Cure Claim Objection, in which event, any unpaid

13  amount of the Cure Claim (if any) will be due and payable the later of: (i) the date for payment of

14  the Cure Claim set forth in the Plan, or (ii) the fourteenth (14th) calendar day after the entry of a

15  Final Order fixing the amount of the Cure Claim and then only in the amount fixed by such Final

16  Order.

17                          **ARTICLE VII**

18                  **RETENTION OF JURISDICTION**

19          The Bankruptcy Court, or other court of competent jurisdiction, will retain jurisdiction

20  over the Bankruptcy Case and any of the proceedings arising from, or relating to, the bankruptcy

21  case pursuant to Section 1142 of the Bankruptcy Code and 28 U.S.C. § 1334 to the fullest extent

22  permitted by the Bankruptcy Code and other applicable law, including without limitation, such

23  jurisdiction as is necessary to ensure that the purposes and intent of the Plan are carried out.  Such

24  retention includes, among other things, jurisdiction (a) to hear and determine any and all disputes

25  regarding the operation and interpretation of the Plan and the Confirmation Order; (b) to hear and

26  determine the allowability, classification, or priority of Claims and Interests upon objection by the

27  Orion or the Reorganized Debtor, or by other parties in interest with standing to bring such

28  objection or proceeding; (c) to hear and determine any and all disputes relating to the sale,

1   refinance, or other disposition of property or any other assets revesting in the Reorganized Debtor

2   under the Plan, including, but not limited to, the determination of the extent, validity, and priority

3   of any Lien asserted against such property, any disputes with respect to the transfer of title of any

4   such property, and any disputes relating to any Cure Claim; (d) to construe and take any action to

5   enforce the Plan, the Confirmation Order, and any other order of the Court; (e) to issue such orders

6   as may be necessary for the implementation, execution, performance, and consummation of the

7   Plan, the Confirmation Order, and all matters referred to in the Plan, and the Confirmation Order;

8   (f) to determine all matters that may be pending before the Court in this case, or relate to property

9   of the Estate, on or before the Effective Date with respect to any person or entity related thereto;

10  (g) to hear and determine (to the extent necessary) any and all applications for allowance of

11  compensation and reimbursement of expenses of Professionals for the period on or before the

12  Effective Date; (h) to hear and determine any request for payment of Administrative Expenses; (i)

13  to hear and determine all applications, motions, adversary proceedings, contested matters, and any

14  other litigated matters instituted during the pendency of the Bankruptcy Case whether before, on,

15  or after the Effective Date; (j) to hear and determine such other matters and for such other

16  purposes as may be provided in the Confirmation Order; (k) to modify the Plan under Section

17  1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to

18  reconcile any inconsistency in the Plan so as to carry out its intent and purpose; (l) except as

19  otherwise provided in the Plan or the Confirmation Order, to issue injunctions to take such other

20  actions or make such other orders as may be necessary or appropriate to restrain interference with

21  the Plan or the Confirmation Order, or the execution or implementation by any person or entity of

22  the Plan or the Confirmation Order; (m) to issue such orders in aid of consummation of the Plan or

23  the Confirmation Order, notwithstanding any otherwise applicable non-bankruptcy law, with

24  respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or

25  Bankruptcy Rules; and (n) to enter a final decree closing this case.  If the Bankruptcy Court

26  abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction

27  over any matter arising out of the Plan, such abstention, refusal or failure of exercise shall have no

28  effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 having competent jurisdiction with respect to such matter.

2 ## ARTICLE VIII

3 ## CONFIRMATION REQUIREMENTS AND PROCEDURES

4 **8.1.    Who May Object to Confirmation of the Plan.**  Any Creditor or party in

5 interest with the requisite legal standing may object to the confirmation of the Plan, but, as

6 explained below, not everyone is entitled to vote to accept or reject the Plan.

7 **8.2.    Who May Vote to Accept/Reject the Plan.**  A Creditor or Interest Holder has a

8 right to vote for or against the Plan if that Creditor or Interest Holder has a Claim which is both (a)

9 Allowed for voting purposes and (b) classified as an Impaired Class.  A Creditor or Interest Holder

10 must first have an Allowed Claim or Interest to have the right to vote.  Generally, any proof of

11 Claim or Interest will be Allowed, unless a party in interest objects to the Claim or Interest.  When

12 an objection to a Claim or Interest is filed, the Creditor or Interest Holder holding the Claim or

13 Interest cannot vote unless the Court, after notice and a hearing and before the Voting Deadline,

14 either overrules the objection or allows the Claim or Interest for voting purposes.  THE BAR

15 DATE FOR FILING A PROOF OF CLAIM OR INTEREST IN THIS CASE WAS APRIL 16,

16 2020.  A Creditor or Interest Holder may have an Allowed Claim or Interest even if a proof of

17 Claim or Interest was not timely filed.  A Claim is deemed allowed if (a) it is scheduled on the

18 Debtor's schedules and such Claim is not scheduled as disputed, contingent, or unliquidated, and

19 (b) no party in interest has objected to the Claim.  An Interest is deemed Allowed if it is scheduled

20 and no party in interest has objected to the Interest.

21 **8.3.    What is an Impaired Claim/Interest.**  As noted above, an Allowed Claim or

22 Interest only has the right to vote if it is in a Class that is Impaired under the Plan.  A Class is

23 Impaired if the Plan alters the legal, equitable, or contractual right of the members of that Class.

24 For example, a Class comprised of general unsecured Creditors is Impaired if the Plan fails to pay

25 the members of that Class 100% of what they are owed on the Effective Date of the Plan.  In this

26 case, the Committee believes that certain designated Classes are Impaired under the Plan, and,

27 therefore, are entitled to vote to accept or reject the Plan.  Such Classes include Classes 1, 2, 3, and

28 4.  Parties who dispute the characterization of their Claim or Interest as being Impaired or

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

unimpaired may file an objection to the Plan contending that the Committee has incorrectly characterized their Claim or Interest.

**8.4.    Who is Not Entitled to Vote.**  The following four types of Claims are not entitled to vote:  (i) Claims that have been Disallowed; (ii) Claims in unimpaired Classes; (iii) Claims entitled to priority under section 507(a)(4), (a)(5), and (a)(7), and (iv) Claims in Classes that do not receive any value under the Plan.  Claims in unimpaired Classes are not entitled to vote because such Classes are deemed to have accepted the Plan.

**8.5.    Votes Necessary to Confirm the Plan.**  If Impaired Classes exist, the Court cannot confirm the Plan unless (a) at least one Impaired Class has accepted the Plan, without counting the votes of any insiders within that Class, and (b) all Impaired Classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cramdown" on non-accepting Classes.  The Debtor intends to seek "cramdown" on each Class of Creditors who does not vote to accept the Plan.

**8.6.    Votes Necessary for a Class to Accept the Plan.**  A Class of Claims has accepted the Plan if such plan has been accepted by Creditors, other than any entity designated under Section 1126(e) of the Bankruptcy Code, that hold at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims of such class held by Creditors, other than any entity designated under Section 1126(e), that have accepted or rejected such plan.

**8.7.    Treatment of Non-Accepting Classes.**  As noted above, even if all Impaired Classes do not accept the Plan, the Court may nonetheless confirm the Plan if the non-accepting Classes are treated in the manner required by the Bankruptcy Code.  The process by which non-accepting Classes are forced to be bound by the terms of the Plan is commonly referred to as "cramdown".  The Bankruptcy Code allows the Plan to be "crammed down" on non-accepting Classes of Claims or Interests if it meets all the requirements except the voting requirements of Section 1129(a)(8) of the Bankruptcy Code and if the Plan does not "discriminate unfairly" toward each Impaired Class that has not voted to accept the Plan as referred to in Section 1129(b) of applicable law.

**8.8.    Request for Confirmation Despite Non-Acceptance by Impaired Classes.**  In

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  this case, in the event any Impaired Cass does not accept, or is deemed not to have accepted, the

2  Plan, the Bankruptcy Court may still confirm the Plan at the request of the Committee as set forth

3  in Section 1129(b) of the Bankruptcy Code, which provides that the Bankruptcy Court may

4  confirm the Plan notwithstanding its rejection by one or more impaired Classes if certain

5  requirements are met.  The Bankruptcy Court must find that the Plan does not discriminate

6  unfairly and is fair and equitable with respect to each Impaired Class that does not accept the Plan.

7  With respect to a Class of Unsecured Claims, the fair and equitable test requires that if each

8  Creditor in such Class does not receive property having a present value equal to the amount of

9  such Creditor's Allowed Unsecured Claim, no junior Class can receive or retain any property

10  under the Plan.  With respect to a Class of Secured Claims, the fair and equitable test requires that

11  the holders of secured Claims (i) retain the lien or liens to the extent of the allowed amount of

12  such Claims, and receive Cash payments having a present value equal to the holder's interest in

13  the estate's interest in such property (that is, the value of the collateral as determined under section

14  506 of the Bankruptcy Code), (ii) receive the proceeds from the sale of its collateral, or (iii) realize

15  the indubitable equivalent of its Claim to the extent validly secured.

16  **8.9.    Creditors and Interest Holders Bound By Terms of Plan.**  Whether or not a

17  Creditor or Interest holder votes to accept the Plan, such party will be bound by the terms,

18  provisions, and treatments set forth in the Plan if the Plan is accepted by the required majorities of

19  Creditors and is confirmed by the Bankruptcy Court, or is otherwise confirmed pursuant to Section

20  1129(b) of the Bankruptcy Code.

21  **ARTICLE IX**

22  **EFFECT OF CONFIRMATION OF PLAN AND MISCELLANEOUS**

23  **PROVISIONS**

24  **9.1.    Discharge.**  Except as otherwise provided in Section 1141(d)(1), in the Plan, or in

25  the order confirming the Plan, the confirmation of the Plan (a) discharges the Debtor from any

26  debt that arose before the date of such confirmation, and any debt of a kind specified in Section

27  502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (i) a proof of the claim based on

28  such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (ii) such claim is

1  allowed under Section 502 of the Bankruptcy Code, or (iii) the holder of such claim has accepted

2  the Plan, and (b) terminates all rights and interests of equity security holders and general partners

3  provided for by the Plan.

4  **9.2. Revesting of Property in Reorganized Debtor.** Except as otherwise provided

5  in the Plan, on the Effective Date, all property and rights of the Estate of the Debtor will revest in,

6  or be transferred to, the Reorganized Debtor, free and clear of all claims, liens, and rights of

7  creditors and interests or interest holders. Subject to the Plan, such property and rights to be

8  revested in, or transferred to, the Reorganized Debtor include, without limitation, all alter ego and

9  derivative claims existing as of the Effective Date, and the Estate Litigation Claims. The

10 Transferred Assets will not vest in the Reorganized Debtor, but instead will vest in, and be

11 transferred to, NewCo free and clear of all claims, liens, and other rights of Creditors and Interests

12 of Interest holders, except as otherwise expressly provided in the Plan.

13 **9.3. Modification of Plan.** At any time prior to the confirmation of the Plan, the

14 Committee may supplement, amend, or modify the Plan in accordance with Section 1127(a) of the

15 Bankruptcy Code. After the confirmation of the Plan, the Committee may (a) apply to the

16 Bankruptcy Court to modify the Plan, notwithstanding any substantial consummation of the Plan,

17 if such modification is in the best interests of the Estate, and (b) apply to the Bankruptcy Court to

18 remedy defects or omissions in the Plan or to reconcile inconsistencies in the Plan.

19 **9.4. Nonconsensual Confirmation.** In the event that that any Impaired Class should

20 fail to accept the Plan in accordance with Section 1129(a)(8) of the Bankruptcy Code, the

21 Committee (a) may request that the Bankruptcy Court confirm the Plan in accordance with Section

22 1129(b) of the Bankruptcy Code, and (b) may modify the Plan in accordance with Section 1127 of

23 the Bankruptcy Code, and, unless the Bankruptcy Court should determine that such modification

24 adversely affects the treatment of any Class of Creditor established by the Plan, without the need

25 to amend this Disclosure Statement or to resolicit votes with respect to the Plan.

26 **9.5. Waiver of Conditions to Occurrence of the Effective Date.** The Committee

27 may waive one or more of the conditions to the occurrence of the Effective Date, provided,

28 however, that such waiver will require the written consent of Orion.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

9.6.    **Notice of Effective Date.**  On the Effective Date or as soon thereafter as is reasonably practicable, the Plan Agent shall file with the Bankruptcy Court a notice that states the Effective Date has occurred; provided, however, that the Plan Agent shall have no obligation to notify any entity other than the United States Trustee, Creditors, and parties in interest of such fact through the filing of such notice with the Bankruptcy Court and service of such notice exclusively through the Bankruptcy Court's electronic case filing system.  The Plan shall be deemed to be effective as of 12:00 a.m. (prevailing Pacific Standard Time) on the Effective Date.

9.7.    **General Corporate Matters.**  The Reorganized Debtor shall take such action as is necessary under the laws of the State of California, federal law, and other applicable state law to effectuate the terms and provisions of the Plan, Plan Documents, and related documents.

9.8.    **Corporate Actions.**  On the Effective Date, all actions contemplated by the Plan will be deemed authorized and approved in all respects, and the Reorganized Debtor (through the Plan Agent) shall be authorized and directed to implement the provisions of the Plan, and any other agreements, documents, and instruments contemplated by the Plan (including, without limitation, any appropriate amendments to the Debtor's corporate governance documents), in the name of and on behalf of the Reorganized Debtor.

9.9.    **Effectiveness of Securities, Instruments, and Agreements.**  On the Effective Date, the Plan, the Plan Documents, and any other documents issued, executed, delivered, filed, or recorded pursuant to the Plan, including, without limitation, (a) amended corporate governance documents, if any, and (b) any other document issued, executed, delivered, filed, or recorded in connection with any of the foregoing or any other Plan document, shall be deemed approved and authorized by the Bankruptcy Court, and, to the extent not already effective by their respective terms, shall become effective and binding in accordance with their respective terms and conditions upon the entities that are parties thereto and shall be deemed to become effective simultaneously.

9.10.    **Effectuating Documents; Further Transactions.**  On the Effective Date, the Reorganized Debtor shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such other actions as may be necessary or appropriate, to effectuate and further evidence the terms and conditions of

1  the Plan, and shall be authorized to certify or attest to any of the foregoing actions, if necessary.

2  **9.11.    Approval of Agreements.**  The solicitation of votes on the Plan shall be deemed

3  a solicitation for the approval of the Plan documents, if any, (which are available for inspection by

4  any party in interest upon written request) and all transactions contemplated by the Plan.  Entry of

5  the Confirmation Order shall constitute approval of the Plan documents and such transactions.

6  **9.12.    Post-Confirmation Status Report Case.**  Within one-hundred-twenty (120)

7  calendar days following the entry of the Confirmation Order, the Reorganized Debtor, will file

8  with the Bankruptcy Court a status report explaining the progress made toward consummation of

9  the Plan.  The status report will be served on the United States Trustee and any party who files a

10  request for special notice of post-confirmation matters.  Unless otherwise ordered by the

11  Bankruptcy Court, further status reports will be filed every 180 days and served on the same

12  entities.

13  **9.13.    Quarterly Fees.**  Notwithstanding the entry of the Confirmation Order, (a) the

14  Estate shall pay all fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930 on or

15  before the Effective Date, and (b) the Plan Agent shall pay all such fees payable to the United

16  States Trustee after the Effective Date, if, as and when the same become due and payable.  In

17  addition, the Plan Agent shall provide to the United States Trustee, on or before the thirtieth (30th)

18  calendar day following the close of each calendar quarter, a financial report of all disbursements

19  made by or on behalf of the Debtor, the Reorganized Debtor, or the Estate (whether or not

20  pursuant to this Plan) during the preceding calendar quarter, or portion thereof, that the

21  Bankruptcy Case remains open.  If such quarterly fees are disputed by the Reorganized Debtor, as

22  applicable, an adequate reserve will be established and set aside for payment in full thereof, as

23  required by Section 1129(a)(12) of the Bankruptcy Code.

24  **9.14.    Post-Confirmation Conversion/Dismissal.**  Subject to the provisions of this

25  Plan, a Creditor or other party in interest may file a motion to convert or dismiss the Bankruptcy

26  Case under Section 1112(b) of the Bankruptcy Code, if there is a material default by the

27  Reorganized Debtor and/or the Plan Agent, as applicable, in performing its obligations under the

28  Plan.  Any such motion for conversion or dismissal must be served on the Plan Agent and its

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  counsel, all Creditors and their counsel, if any, the Office of the United States Trustee, and any

2  party in interest that files a specific request for notice of post-confirmation matters.  The Plan

3  Agent reserves the right to oppose and object to any such motion for conversion or dismissal.

4  **9.15.    Changes in Rates Subject to Regulatory Commission Approval.**  The Debtor

5  is not subject to governmental regulatory commission approval of its rates.

6  **9.16.    Inconsistencies.**  In the event that the terms or provisions of the Disclosure

7  Statement are inconsistent with the terms and provisions of the Plan, or any document executed in

8  connection with the Plan, the terms of the Plan, or any such document executed in connection with

9  the Plan, will control.

10  **9.17.    No Admissions.**  Notwithstanding anything contained in the Plan or Disclosure

11  Statement to the contrary, nothing contained in the Plan or Disclosure Statement will be deemed to

12  be an admission by the Committee with respect to any matter set forth herein, including without

13  limitation, liability on any claim or the validity, priority, or the classification of a Claim.

14  **9.18.    Withdrawal or Revocation of Disclosure Statement or Plan.**  The Committee

15  reserves the right to revoke or withdraw the Disclosure Statement or the Plan at any time prior to

16  the Confirmation Hearing.  If the Committee revokes or withdraws the Disclosure Statement or the

17  Plan, or if the Confirmation Hearing does not occur, the Disclosure Statement and the Plan will be

18  null and void, and nothing contained in the Disclosure Statement or the Plan will:  (a) constitute a

19  waiver or release of any Claims against, or Interests in, the Debtor, (b) prejudice in any manner the

20  Claims and rights of the Debtor or Committee in any further proceedings involving the Estate, or

21  (c) constitute a waiver or release of any Claims against any Creditor of the Debtor.

22  **9.19.    Successors and Assigns.**  The rights, benefits and obligations of any entity

23  named or referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs,

24  executors, administrators, successors and/or assigns of such entity.

25  **9.20.    Governing Law.**  Except to the extent that federal law (including the Bankruptcy

26  Code or Bankruptcy Rules) is applicable, the rights and obligations arising under the Plan shall be

27  governed by and construed and enforced in accordance with the laws of the state of California

28  without giving effect to the principles of conflicts of laws thereof.

**9.21. Dissolution of Creditors Committee.** On the Effective Date, the Committee shall be dissolved and the retention or employment of the Committee's attorneys and other Professionals, if any, shall terminate. The Plan Agent intends to retain SulmeyerKupetz, current counsel to the Committee as its general bankruptcy counsel.

**9.22. Implementation of Plan.** The Committee intends to request that the Confirmation Order include (a) a finding by the Bankruptcy Court that Bankruptcy Rule 3020(e) shall not apply to the Confirmation Order, and (b) the Bankruptcy Court's authorization for the Reorganized Debtor to implement the Plan immediately after entry of the Confirmation Order.

**9.23. Failure of Effective Date.** In the event the Effective Date does not occur, nothing in this Plan shall be binding on the Committee, the Debtor, the Estate, or any other Entity, or otherwise be of any force and effect.

**9.24. Notices.** All notices, requests or demands for payments by parties in interest to the Reorganized Debtor and/or the Plan Agent, as applicable, under or in connection with this Plan shall be in writing and served either by (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, or (c) reputable overnight delivery service, all charges prepaid, and shall be deemed to have been given when received by the following parties:

The Reorganized Debtor / Plan Agent:

Alfred M. Masse
Broadway Advisors, LLC

Attorneys for Reorganized Debtor / Plan Agent:

Mark S. Horoupian
**Sulmeyer**Kupetz, A Professional Corporation
333 South Grand Ave., Suite 3400
Los Angeles, California 90071
Tel: (213) 626-2311
Fax: (213) 629-4520
E-mail: mhoroupian@sulmeyerlaw.com

**9.25. Severability.** Except as to terms that would frustrate the overall purposes of the Plan, should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of the Plan.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**9.26.    Final Decree.**  Once the Estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Agent will file a motion with the Bankruptcy Court to obtain a final decree to close the Debtor's chapter 11 case.

**9.27.    Interpretation, Rules of Construction and Computation of Time.**

(a)    The provisions of the Plan shall control over any descriptions thereof contained in the Disclosure Statement.

(b)    Any term used in the Plan or Disclosure Statement that is not defined in the Plan or the Disclosure Statement but is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in (and shall be construed in accordance with the rules of construction under) the Bankruptcy Code or the Bankruptcy Rules, as applicable.  Without limiting the foregoing, the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply to the Plan and Disclosure Statement, unless superseded herein.  In the event of any inconsistency between the definition of a capitalized term as defined in Article I to the Plan and as may be defined within the Disclosure Statement or other Articles or sections of the Plan, the definition in Article I to the Plan shall control.

(c)    Unless specified otherwise in a particular reference, all references in the Plan and Disclosure Statement to Sections and Exhibits are references to Sections and Exhibits of or to the Plan or Disclosure Statement.

(d)    Any reference in the Plan or Disclosure Statement to a contract, document, instrument, release, certificate, indenture or other agreement being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions.

(e)    Any reference in the Plan or Disclosure Statement to an existing document or Exhibit means such document or Exhibit as it may have been amended, restated, modified or supplemented as of the Effective Date without limitation to the provisions set forth in the Plan or Disclosure Statement.

(f)    Captions and headings to Sections and Exhibits in the Plan and Disclosure Statement are inserted for convenience of reference only and shall neither constitute a part of the

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Plan or Disclosure Statement nor in any way affect the interpretation of any provisions thereof.

2      (g)    In computing any period of time prescribed or allowed by the Plan or

3  Disclosure Statement, the provisions of Bankruptcy Rule 9006(a) shall apply.

4      (h)    All Exhibits and schedules to the Plan or Disclosure Statement are

5  incorporated into the Plan or Disclosure Statement as necessary, and shall be deemed to be

6  included in the Plan or Disclosure Statement as necessary, regardless of when filed.

7      (i)    Where applicable, references to the singular shall include the plural, and

8  vice-versa, and pronouns stated in the masculine, feminine or neuter gender shall include the

9  masculine, the feminine and the neuter gender.

10     (j)    The words "herein" and "hereto" refer to the Plan or Disclosure Statement

11 in its entirety rather than to a particular portion or section of the Plan or Disclosure Statement

12 unless expressly stated otherwise in such portion or section.

13     **9.28.    No Admissions.**  Notwithstanding anything to the contrary, nothing contained in

14 the Plan or Disclosure Statement will be deemed to be an admission by Committee with respect to

15 any matter set forth herein, including without limitation, liability on any claim or the validity,

16 priority, or the classification of a Claim.

17 DATED: February 17, 2021            **Sulmeyer**Kupetz
                                      A Professional Corporation
18

19

20                                    By: /s/ *Mark S. Horoupian*
                                          Mark S. Horoupian
21                                        Claire Wu
                                          Attorneys for Plan Proponent, Official Committee
22                                        of Unsecured Creditors

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **FIRST AMENDED PLAN OF REORGANIZATION PROPOSED BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 17, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Matthew Borden**    borden@braunhagey.com, kushnir@braunhagey.com;hagey@braunhagey.com;fisher@braunhagey.com;theodore@braunhagey.com;hasegawa@braunhagey.com;szoke@braunhagey.com;baker@braunhagey.com;vallejo@braunhagey.com;ridge@braunhagey.com;nguyen
- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Mark S Horoupian**    mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- **Tobias S Keller**    tkeller@kellerbenvenutti.com
- **Aaron J Malo**    amalo@sheppardmullin.com, jsummers@sheppardmullin.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Claire K Wu**    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) February 17, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Meade Instruments Corp.
Victor Aniceto, President
27 Hubble
Irvine, Ca 92618

Secured Creditor
Ori Katz
Sheppard, Mullin, Richter & Hampton
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111

Frank Cadigan
Office of the U.S. Trustee
411 West Fourth Street, Suite 7160
Santa Ana, Ca 92701-4500

U.S. Securities and Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Ste. 900
Los Angeles, CA 90071-9591

The Honorable Mark S. Wallace
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 6135
Santa Ana, CA 92701

☐ Service information continued on attached page.

CC 2708571v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method <u>for each person or entity served</u>):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 17, 2021 | Cheryl Caldwell | */s/Cheryl Caldwell* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2708571v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**